Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
Maria Esmeralda Vizzusi,
Cal. SBN 289908
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com
esmeralda@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| | ) CIVIL ACT. NO.: |
| | ) |
| | ) COMPLAINT |
| | ) |
| FRESH HARVEST, INC., FRESH FOODS, INC., RAVA RANCHES, INC., and SMD LOGISTICS, INC. | ) RULE 23 CLASS ) ) JURY TRIAL DEMANDED |
| | ) ) |
| Defendants. | ) ) ) |

1.      Plaintiff is a truck driver who was employed by Defendants to transport crops over public roads to Defendants' clients packing sheds in the growing regions of California and Arizona.

2.      Plaintiff brings this complaint on his own behalf and on behalf of others similarly situated to assert their rights to prevailing wages and equal pay under the terms of their employment contracts, compliance with the terms of their working arrangements, pay for all hours worked including California minimum wages and liquidated damages, overtime under California law, reimbursement of necessary expenses, meal and rest break wage premiums, lawful, accurate and complete paystubs, and waiting time penalties.

3.     Plaintiff is a domestic worker who worked along side foreign and domestic workers employed by Defendants Fresh Harvest, Fresh Foods, Rava Ranches and SMD Logistics.  Plaintiff and others similarly situated were employed subject to the terms of a written contract but Defendants routinely and flagrantly violated the written contract and the H-2A program regulations upon which it was based.  Defendants violations caused Plaintiff and others similarly situated economic harm, including substantial lost wages, provided Defendants an unfair economic advantage over their competitors, and violated both state and federal wage and employment laws. Plaintiff brings this action to vindicate his rights and those of others similarly situated, recover their unpaid wages, interest and liquidated damages on behalf of himself and a class of workers similarly situated.

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction of this action pursuant to:

      a.  28 U.S.C. § 1331 (Federal Question);

      b.  29 U.S.C. § 1337 (Interstate Commerce);

      c.  29 U.S.C. § 1854(a) (Agricultural Worker Protection Act); and

      d.  28 U.S.C. § 1367 (Supplemental).

5.  This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

6.  **Intradistrict Assignment.**  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and N.D. Ca. Local Rule 3.2 because a substantial part of the claims arose in the Northern District of California and because the Defendants do business in, or are based in, Monterey County.

## PARTIES

7.  Plaintiff Rigoberto Sarmiento worked seasonally for Defendants from 2015 until early 2020.

8.  Defendants petitioned for H-2A visas under the names of Fresh Foods or Fresh Harvest but compensated foreign workers by paystubs from either employer regardless of the company name for which the particular H-2A visas were petitioned.

9.      Plaintiff was employed as a truck driver, a position covered by the H-2A contracts, which promised prevailing wages for this work.

10.     Defendants Fresh Harvest and Fresh Foods were labor contractors pursuant to 29 U.S.C. § 1802(7).

11.     Plaintiff Sarmiento was a seasonal agricultural worker as defined by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1802(10).

12.     Defendant Fresh Harvest, Inc. is a farm labor contractor licensed by the State of California with license number FLC000187467 and licensed by the U.S. Department of Labor with license number C-09-772971-J-20-R.

13.     Defendant Fresh Harvest is an Arizona corporation registered to do business in California.

14.     Fresh Harvest has a principal place of business at 101 E. Main St., Heber, California.

15.     Fresh Harvest may be served with process through its counsel, Rob Roy of the Ventura County Agricultural Association.

16.     Defendant Fresh Foods, Inc. is a California corporation.

17.     Defendant Fresh Foods has a principal place of business at 700 Airport Drive, King City, California.

18.     Defendant Fresh Foods is a farm labor contractor licensed by the State of California with license number FLC000175777.

19.     Defendants Fresh Foods and Fresh Harvest hire, employ and furnish migrant and seasonal agricultural workers for a fee and are farm labor contractors as defined by 29 U.S.C. § 1802(7) under the AWPA.

20.     Defendant Fresh Foods has failed to register as a farm labor contractor with the U.S. Department of Labor in violation of federal law.

21.     Defendant SMD Logistics, Inc. is an Arizona corporation registered to do business in California.

22.     SMD Logistics has a mailing address of 101 E. Main St., Heber, California and its Chief Executive Officer is David Scaroni.

23.     Defendant SMD Logistics is the trucking arm of Defendant Fresh Harvest.

24.     Defendant SMD Logistics is, upon information and belief, primarily directed from its location at 26710 Encinal Road, Salinas, California.

25.     Defendant SMD Logistics operated in concert with Defendants Fresh Harvest and Fresh Foods.

26.     Defendant SMD Logistics employees directed the actions of employees of Defendants Fresh Harvest and Fresh Foods.

27.     Defendant SMD Logistics supplied equipment operated by employees of Defendants Fresh Harvest and Fresh Foods.

28.     Upon information and belief, Defendants SMD Logistics, Fresh Harvest and Fresh Foods formed one enterprise for employment purposes.

29.     Upon information and belief, employees of Defendants SMD Logistics, Fresh Harvest and Fresh Foods directed and assigned work to employees of the others.

30.     Defendants employed domestic workers but to hide the non-agricultural nature of the truck driver positions, Defendant SMD Logistics did not directly employ the H-2A workers and solely directly employed domestic truck drivers and foreign truck drivers on H-2B visas.

31.     Defendant Rava Ranches, Inc. is a grower, packer and shipper of agricultural products.

32.     Defendant Rava Ranches contracted Defendants Fresh Harvest and Fresh Foods to provide labor for its crops and truck drivers for hauling product over-the-road.

33.     Defendant Rava Ranches, Inc. is a California corporation with a principal place of business at 700 Airport Drive, King City, California.

DEFENDANTS' PARTICIPATION IN THE H-2A VISA PROGRAM

34.     The H-2A program was created by 8 U.S.C. § 1188 and is implemented pursuant to the regulations found at 20 C.F.R. §§ 655.0-655.185. An agricultural employer in the United States may import H-2A workers if the United States Department of Labor ("U.S. DOL") certifies that (1) there are not enough U.S. workers to perform the job and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 8 U.S.C. § 1188(a)(1).

35.     Employers must file a temporary labor certification application with the U.S. DOL's Employment and Training Administration. 20 C.F.R. § 655.130 (2010). The application has to include a job offer, known as a "job order," that complies with the requirements of 20 C.F.R. § 655.122. The job order contains the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States. *See* 20 C.F.R. § 655.121(a)(2).

36.     The relevant job orders were filed through the California Employment Development Department office in Salinas, Monterey County, California.

37.     The terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for domestic workers like Plaintiff and foreign workers on H-2A visas, and all others similarly situated. 20 C.F.R. § 655.103(b) (definition of "work contract").

38.     The H-2A program, its implementing regulations, and the applicable job orders here require that foreign workers be paid "the same level of minimum benefits, wages, and working conditions which must be offered to U.S. workers[.]" 20 C.F.R. § 655.122(a).

39.     The H-2A employment contracts at issue here incorporate a regulatory definition of employer found at 20 C.F.R. § 655.103(b) and contained the promise to "comply with applicable Federal, State and local law and regulations." 20 C.F.R. § 655.135(e).

40.     In each applicable season, Defendant Fresh Harvest or Fresh Foods submitted job orders to the U.S. DOL.

41.     The Fresh Foods job orders were signed by Suzanne Rava.

42.     The Fresh Harvest job orders were signed by Leticia Ridaura.

43.     In 2020, when Defendant Fresh Harvest could not obtain a job order for truck drivers in its own name, it submitted a job order in the name of Fresh Foods but subsequently transferred the workers imported under that job order to its direct employ.

44.     On information and belief, the job orders submitted under either the Fresh Harvest or Fresh Foods companies were prepared by employees of Defendant Fresh Harvest.

45.     In the employment contracts, the Defendants promised that each worker would earn at least the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or

state minimum wage, whichever is higher, for all hours worked in the payroll period. The employment contracts also promised overtime to truck drivers.

46.     The employment contracts promised to pay the applicable AEWR, which was $13.18 in 2018, $13.92 in 2019, and $14.77 in 2020. 82 Fed. Reg. 60628 (Dec. 21, 2017); 83. Fed. Reg. 66306 (Dec. 26, 2018); 84 Fed. Reg. 69774 (Dec. 19, 2019).

47.     The vehicles Plaintiff operated were well in excess of 26 tons Gross Vehicle Weight.

48.     Plaintiff primarily operated heavy-duty trucks on state and federal roads and highways.

49.     The applicable prevailing wage for the position in which Defendants employed Plaintiff was the Heavy and Tractor-Trailer Truck Drivers.

50.     Federal regulations specify that the median wage is appropriately considered the prevailing wage. 20 C.F.R. § 655.10(b)(2).

51.     The highest applicable mean wage was the wage for the Monterey-Salinas Metropolitan Statistical area.

52.     Defendants SMD Logistics, Fresh Harvest and Fresh Foods sought to avoid paying a prevailing wage to truck drivers by including them within H-2A agricultural job orders for field labor positions.

53.     Defendants knew that the work was non-agricultural in nature for H-2A purposes because Defendants were not growers of the crops transported.

54.     Plaintiff's position and those of other similarly situated were not field labor positions, and were Heavy and Tractor-Trailer Truck Driver positions operating tractor-trailers on roads and highways hauling harvested vegetables to Defendants' clients cooler and produce-packing locations.

55.     Defendants knew that the wages they were offering were not prevailing wages and indeed offered higher wages for truck driving to U.S. workers and to H-2B workers performing the same work.

56.     Finally, by participating in the H-2A program and importing workers from abroad, the Defendants are bound to abide by the wage and payroll requirements, including those at 20 C.F.R. §§ 655.120(a), 655.122(a), 655.122(c), 655.122(j), 655.122(k), 655.122(l), and 655.103(b).

57.     Upon information and belief, as part of their petition to import foreign workers, Defendants Fresh Harvest and Fresh Foods entered into a contract with Rava Ranches to act as a labor contractor for Rava Ranches.

### ALLEGATIONS OF CLASS REPRESENTATIVE

58.     Plaintiff was offered work as a truck driver.

59.     The paystubs Defendants prepared for truck drivers listed as their principal activity "hauling commodity" or "trucking."

60.     Upon information and belief, Defendants had a separate payroll entry for hauling commodity or trucking for H-2A workers at a lower hourly rate than the payroll entry used by Defendants for payments to domestic workers for hauling or trucking.

61.     Plaintiff and others similarly situated were promised in the written employment contract, among other things:

      a.   Pay for all hours worked;

      b.   Pay at the prevailing hourly wage if it was higher than the state or federal minimum wage or the federally mandated Adverse Effect Wage Rate;

      c.   Pay that was equal for domestic and foreign workers performing the same work activities;

      d.   A copy of the work contract;

      e.   Overtime pay after ten hours per day or 60 hours per week for truck driving; and

      f.   Payment of wages in compliance with California law.

62.     The terms of employment for Plaintiff and others similarly situated, whether as seasonal or migrant agricultural workers, were required to be in writing as California law at Cal. Labor Code § 2810.5 mandates that the disclosure be in writing.

63.     The terms of the H-2A employment contracts formed the applicable disclosures.

64.     The terms of the required disclosure promised to Plaintiff, and others similarly situated, formed a working arrangement enforceable under federal law.

65.     In violation of the working arrangement, Defendants did not pay domestic and foreign workers equally.

66.     On information and belief, Defendants did not pay prevailing wages to any truck driver.

67.     Defendants knew the requirement to pay workers in corresponding employment the same wage for the same work.

68.     Defendant Fresh Harvest marketed to prospective clients that it would provide a "wall" to protect clients from having to meet the requirement of paying workers in corresponding employment equally.

69.     Defendants failure to pay workers in corresponding employment equally was a product of Defendants scheme to avoid complying with their contractual and regulatory obligations.

70.     Plaintiff and others similarly situated were required to complete log books of their daily truck operating activities in accordance with U.S. Department of Transportation regulations for 49 C.F.R. § 395.8.

71.     The Occupational Code for the work performed by Plaintiff and others operating trucks for Defendants was 53-3032.00.

72.     Defendant SMD Logistics offered employment for the work Plaintiff performed at the hourly wage of $19.90 per hour to domestic workers during 2020.

73.     As a result of their practice of failing to record all hours worked and failure to pay prevailing or equal wages, Defendants, without justification, did not pay wages in keeping with California wage statutes or the employment contract, and paid wages below those required by California law, the contract, and the parties working arrangement.

74.     Defendants' paystubs violated the AWPA's recordkeeping provisions and California statutory paystub requirements by failing to list the correct hourly rate and the total wages earned.

75.     At all times relevant to this action, Plaintiff and members of the Class were not provided thirty (30) minute duty-free unpaid meal periods.

76.     Defendants required that Plaintiff and others similarly situated report meal periods, Plaintiff and others similarly situated did not receive.

77.     Defendants have paid some missed meal period premiums but have failed to pay Plaintiff or the class all missed meal-period premiums owed and have failed to pay the missed meal period premiums at the proper hourly rate.

78. At all times relevant to this action, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiff and members of the Class were entitled to receive all meal periods or payment of one additional hour of pay at the regular rate of pay when a meal period was missed, late, or incomplete.

79. Specifically, at all times relevant to this action, Plaintiff and members of the Class regularly worked in excess of five (5) hours in a day without being provided at least one, timely (within five (5) hours of the start of work) and off duty thirty (30) minute meal period.

80. On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiff and members of the Class were entitled to receive all rest breaks or payment of one additional hour of pay at the applicable regular rate of pay when a rest break was missed or incomplete, and that they did not receive payment of one additional hour of pay at the regular rate of pay when a rest break was missed or incomplete.

81. Plaintiff and members of the Class regularly worked in excess of 3.5 hours in a day without being provided an off-duty and uninterrupted ten (10) minute rest break, regularly worked more than six (6) hours in a day without a second ten (10) minute off-duty rest break, and worked more than ten hours per day without a third ten (10) minute off-duty rest break.

82. Defendants did not pay Plaintiff and other workers similarly situated rest break premium wages for late, short or missed rest breaks.

83. Defendants required Plaintiff report rest breaks that Defendants knew or should have known were not taken and which were not duty free.

84. Defendant SMD Logistics required that Plaintiff and others similarly situated complete its timesheets and log books for their time operating trucks for Defendants Fresh Foods and Fresh Harvest.

85. Upon information and belief, Defendant SMD Logistics employees directed Plaintiff and others similarly situated when they received paystubs from Fresh Foods or Fresh Harvest.

86. Supervisors of Defendant SMD Logistics had the power to hire and fire employees of Defendants Fresh Foods and Fresh Harvest.

87.     Supervisors of Defendant SMD Logistics exercised their power to hire and fire employees of Defendants Fresh Foods and Fresh Harvest.

<strong>CLIENT EMPLOYERS</strong>

88.     Defendant Rava Ranches, Inc. is a California corporation engaged in the business of growing and harvesting agricultural products including specifically fresh market vegetables.

89.     Defendants Fresh Foods and Fresh Harvest are farm labor contractors registered with the state of California.

90.     **Rava Ranches is a client employer.** On information and belief, Defendant Rava Ranches owns, leases or controls agricultural property in and around Monterey County, California.

91.     Defendants Fresh Harvest and Fresh Foods served as labor contractors for Defendant Rava Ranches in that they supplied Defendant Rava Ranches with workers as part of the usual course of business to provide agricultural labor in connection with the production of agricultural crops by Defendant Rava Ranches.

92.     At all times relevant to Plaintiff's claims, Defendant Rava Ranches had a workforce of at least 25 workers, including workers supplied by Defendants Fresh Harvest and Fresh Foods.

93.     Based on the arrangements between Defendants, Defendant Rava Ranches was Plaintiff's client employer under California Labor Code § 2810.3 with respect to all hours worked in connection with the transportation of crops for harvests performed on the property owned or controlled by Defendant Rava Ranches. As such, Defendant Rava Ranches is liable to Plaintiff and others similarly situated for all unpaid wages to the same extent as Defendants Fresh Harvest and Fresh Foods.

94.     **Defendant Rava Ranches is a joint employer.**  Through the relationship described in paragraphs 88 through 93, Defendant Rava Ranches had the power to control Plaintiff's work.

95.     The working relationship between Plaintiff and other similarly situated workers and Defendant Rava Ranches was long term and members of the Rava family controlled both Rava Ranches and Defendant Fresh Foods.

96.     Defendant Rava Ranches controlled property upon which Plaintiff labored, and provided investment capital, which as a matter of economic reality, Plaintiff and the class of other workers similarly situated were economically dependent on Defendant Rava Ranches.

97.     For each action taken by Defendants Fresh Foods and Fresh Harvest in furtherance of their business arrangement with Defendant Rava Ranches —including, *inter alia*, recruiting, hiring, supervising, and paying workers, Defendants Fresh Foods and Fresh Harvest acted as agents of Defendant Rava Ranches.

98.     Those actions not expressly authorized by Defendant Rava Ranches were ratified by Defendant Rava Ranches' acceptance of Defendants Fresh Harvest and Fresh Foods' continued supervision and recruitment of workers for Defendant Rava Ranches.

<strong>CLASS ACTION ALLEGATIONS</strong>

99.     **Proposed Class.** Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

      a.  All workers employed by Defendants at work sites in California or Arizona in a truck driving or tractor-trailer driver position and compensated at less than the median prevailing hourly wage for the region;

      b.  All workers employed by Defendants at work sites in California who were denied pay for missed, on-duty, or late meal and rest breaks; and

      c.  All workers employed by Defendants at work sites in California or Arizona and paid less than domestic workers employed in the same truck driving position.

100.    There is a well-defined community of interest in the litigation and the class is ascertainable.

101.    **Numerosity:** The Plaintiff Class is numerous such that the individual joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes that the class consists of more than 70 individual employees. The names and addresses of the Class Members are available from Defendants. Notice can be provided to the Class Members via mail, Facebook, WhatsApp, radio and postings using techniques and a form of notice similar to those customarily used in agricultural class action lawsuits of this nature.

102.   **Typicality:** Plaintiff's claims are typical of the claims of each class they seek to represent in that they arise from Defendants' failure to conform their wage and hour practices to the requirements of the federal AWPA requirements and regulations, the AWPA working arrangement, the prevailing wage requirements contractually offered, and the California Labor Code and the applicable California Wage Order, resulting in injury to Plaintiff and the other putative class members.

103.   **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the members of the Plaintiff Class, who have a well-defined community of interest in the questions of law and fact raised in this action.  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact applicable to both classes include, but are not limited to:

    a.   Whether the Defendants failed to pay the median prevailing wage as determined by U.S. Department of Labor data for the position of Heavy and Tractor-Trailer Truck Driver;

    b.   Whether Defendants' pay practices, including those of failing to record compensable waiting and on-call time, conform to the requirements of the California Labor Code, Wage Order and the AWPA working arrangement;

    c.   Whether the Defendants failed to pay the wages promised in the AWPA working arrangement, the employment contract, and as required by California Industrial Welfare Commission Wage Order, and California employment statutes;

    d.   Whether the Defendants failed to record and compensate the Plaintiff Class for all hours of work, and thus, failing to pay them the applicable prevailing wage as a minimum wage as required by California Labor Code §§ 1182.11-1182.13, and 1197, the employment contract, and California Wage Orders;

    e.   Whether the Defendants failed to pay all members of the Plaintiff Class their full wages when due in violation of California Labor Code §§ 201-203;

f.  Whether, through the unlawful conduct herein alleged, the Defendants violated Cal. Business and Professions Code § 17200 et seq.;

g.  Whether the Defendants are liable as joint employers for the actions perpetrated against the Plaintiff Class;

h.  Whether Defendant Rava Ranches is liable under Labor Code § 2810.3 for Plaintiff Class' unpaid wages to the same extent as Defendants Fresh Harvest, Fresh Foods, and SMD Logistics;

i.  What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

j.  Other common questions of law and fact.

104.    **Adequacy of Plaintiff as Class Representatives.**  Plaintiff Sarmiento can adequately and fairly represent the interests of the Plaintiff Class as defined above because his individual interests are consistent with, not antagonistic to, the interests of the class. Further, Plaintiff has no actual or potential conflict with any member of the class.

105.    **Adequacy of Counsel for the Class.**  Counsel for Plaintiff possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

106.    **Propriety of Class Action Mechanism.**  Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of each Class. Defendants have implemented a scheme that is generally applicable to the Plaintiff Class, making it appropriate to issue relief, including injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class.  In particular, the violations of law perpetrated against all Class Members in this case revolve around the application and interpretation of the AWPA working arrangement, AWPA disclosure, and AWPA and state paystubs and wage payment violations, and interpretation of prevailing wage requirements. Similarly, the Defendants' liability as joint employers is based on actions taken with regard to the Plaintiff Class as a whole.  The relationship between Defendant Rava Ranches and the Plaintiff Class is also common to members of the class.

107.    The Plaintiff Class has been injured and is entitled to recover from Defendants for wrongful conduct and injuries.  Class treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

**FIRST CLAIM FOR RELIEF – AGRICULTURAL WORKER PROTECTION ACT**

Violation of the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA")
(29 U.S.C. §§ 1801 *et seq.* – Rule 23 Class Count)

108.    Plaintiff incorporates paragraphs 7-98, and 99-107 of this Complaint by reference as though fully set forth herein.

109.    Plaintiff Sarmiento asserts this claim for the 2016 to present seasons in which he worked for the Defendants pursuant to 29 U.S.C. § 1854.  This count is brought as a Rule 23 class claim.

110.    Plaintiff's employment, and that of other truck drivers employed by Defendants, constituted secondary-agricultural work protected by the AWPA as it was seasonal and consisted of hauling agricultural products to coolers and packing sheds which formed part of the handling of agricultural commodities prior to their delivery for storage or processing.

111.    Defendants intentionally violated the rights of Plaintiff and others similarly situated under the AWPA by:

a.   Failing to provide a written disclosure of the terms and conditions of work as required by 29 U.S.C. § 1821(a) and as required by 29 U.S.C. § 1831(a) through operation of Cal. Labor Code 2810.5;

b.   Providing false and misleading information regarding the terms and conditions of employment, in violation of 29 U.S.C. §§ 1821(f) and 1831(e), by failing to disclose the terms of the H-2A contracts for corresponding truck driving employment or the promise to pay prevailing wages;

c.   Violating the terms of the working arrangement, without just cause, made with Plaintiff

- 14 -

Sarmiento and others similarly situated, in violation of 29 U.S.C. §§ 1822(c) and 1832(c); these working arrangements included the promise to pay prevailing wages, to pay wage equally to domestic and foreign workers, to provide a copy of the work contract, and to pay overtime wages after 10 hours or 60 weekly hours;

    d.   Failing to pay wages when due for unpaid hours worked, and for missed or non-compliant meal periods and rest breaks, in violation of 29 U.S.C. §§ 1822(a) and 1832(a); and

    e.   Failing to provide workers with accurate, itemized written statements which include the correct number of hours worked, the correct hourly, piece rate, and nonproductive time rates of pay, the correct total pay period earnings, and the correct net pay, in violation of 29 U.S.C. §§ 1821(d) and 1831(c).

112.   Additionally, Defendant Fresh Foods engaged in labor contracting activities for a fee without a federal license from the Secretary of the U.S. Department of Labor to do so, in violation of 29 U.S.C. § 1811.

113.   Defendant Rava Ranches engaged the services of a federally-unlicensed labor contractor without first taking adequate steps to check licensing in violation of 29 U.S.C. § 1842.

114.   Pursuant to California Labor Code § 2810.5, employers must provide notice to employees of their rate(s) of pay, designated pay day, and the basis of wage payment.  As such, Defendants had at the time of Plaintiff Saramiento's seasonal recruitment and of others similarly situated, and continued to have, an obligation to inform Plaintiff and others similarly situated of such information, including the applicable prevailing hourly rate and of promised overtime rates of pay.

115.   The failure by Defendants to provide Plaintiff and the Class notice of these details regarding compensation operates as a violation of AWPA's disclosure and working arrangement provisions.

116.   Defendants provided false and misleading information regarding the terms and conditions of employment, including failing to disclose the promise to pay prevailing wages, failure to disclose the terms of the written employment contract, and failure to disclose that off-duty meal and rest periods would not be provided.

117.   For each violation of AWPA, Plaintiff Saramiento and others similarly situated are entitled to recover his or her actual damages, or up to $500 per violation in statutory damages, pursuant to 29

U.S.C. § 1854.

**SECOND CLAIM FOR RELIEF – CALIFORNIA MINIMUM WAGE**

118. Pursuant to Rule 23(b)(3), all Plaintiff brings this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive the minimum wage required by California Law.

119. As described above in paragraph 58 through 74, Defendants did not pay the minimum promised wages to Plaintiff and the Plaintiff Class.

120. The hours, referenced above, were worked without additional payment. Consequently, those hours were compensated in violation of California's minimum wage laws.  Cal. Labor Code §§ 1182.11-1182.13, 1194, and 1197.

121. Because Plaintiff and others similarly situated had been promised a higher minimum wage, namely the prevailing wage for their job activity, this claim asserts a minimum wage claim based on the higher hourly minimum promised Plaintiff and others similarly situated.

122.  As a result of Defendants' failure to comply with the aforementioned portions of the California Labor Code, Plaintiff and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages for violations of their right to a minimum wage.

123. Pursuant to Cal. Labor Code § 1194(a), Plaintiff seeks to recover the unpaid balance for all uncompensated hours, and reasonable attorneys' fees and costs. Pursuant to Cal. Labor § 1194.2, Plaintiff also seek to recover liquidated damages.

124. Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the Plaintiff Class are entitled to recover from the Defendant Rava Ranches for this Second Claim for Relief with respect to all hours worked in connection with production of crops for Defendant Rava Ranches as further detailed in paragraphs 88 through 98.

**THIRD CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 1194 AND CONTRACTUAL PROMISE**

125. Plaintiff incorporates the allegations in paragraphs 7 to 107.

126.     Plaintiff brings this claim pursuant to California Labor Code § 1194 and California contract law on behalf of himself and a class of other workers, pursuant to Federal Rule 23(b)(3), and alleges that Defendants have violated California Overtime requirements and their promise to pay overtime by failing to accurately record and pay overtime wages for work performed.

127.     Defendants contractually promised through the applicable job orders that overtime wages would be paid to truck drivers.

128.     Defendants failed to pay Plaintiff and the Plaintiff Class overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours for the seasons prior to 2019, in excess of nine and a half (9.5) hours for the 2019 season, and in excess of nine (9) hours for the 2020 season, and/or failed to pay overtime based on weekly hours of sixty (60) prior to 2019, fifty-five (55) hours in the 2019 season, and fifty (50) hours in the 2020 season in a workweek as required by California Labor Code § 1194, California Wage Orders and the contractual promises.

129.     Specifically, Defendants SMD Logistics, Fresh Harvest and Fresh Foods failed to accurately record and compensate their truck drivers at the applicable prevailing wage for all compensable hours, as detailed in paragraphs 66 through 73.

130.     Plaintiff and a class of others similarly situated did not receive premium pay for all overtime hours worked as a result of the underreporting of hours and the underpayment of Plaintiff's regular rate.

131.     As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff and the class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

132.     Plaintiff and the class seek the relief described below, including damages in the amount equal to unpaid overtime hours (at the premium rate of 150% of the prevailing hourly wage), pre- and post-judgment interest and attorney's fees and costs pursuant to Cal. Labor Code § 1194.

133.     Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the Plaintiff Class are entitled to recover from the Defendant Rava Ranches for their Third Claim for Relief with respect to all hours worked in connection with hauling crops for harvests conducted on land controlled or owned by Defendant Rava Ranches as further detailed in paragraphs 88 through 93.

**FOURTH CLAIM FOR RELIEF**

Failure to Provide Meal Periods, or Premium Wages in Lieu Thereof
(Cal. Lab. Code §§ 226.7, 512 & Wage Orders – Rule 23 Class Count)

134.    Plaintiff incorporates paragraphs 10-30, 75-82, and 99-107 of this Complaint by reference as though fully set forth herein.

135.    Plaintiff bring this Fourth Claim against Defendant Fresh Harvest, SMD Logistics and Fresh Foods pursuant to California Labor Code §§ 226.7 and 512 to enforce the meal period provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

136.    California Labor Code § 512 and California Wage Orders impose an affirmative obligation on employers to provide employees with an uninterrupted, duty-free, meal period of at least thirty (30) minutes for each work period of five (5) or more hours before the end of the fifth (5th) hour of work.

137.    Labor Code § 226.7 and/or the Wage Orders require employers to pay employees an additional hour of premium wages at the employee's required regular rate of compensation on each workday that the employee is not provided with a meal period.

138.    Defendants failed to relieve Plaintiff and others similarly situated of all duties for uninterrupted meal periods of at least thirty (30) minutes before the end of their fifth (5th) hour of work as detailed in paragraphs 75 to 79.

139.    Defendants failed to pay premium wages for each workday in which Plaintiff and others similarly situated were not provided an uninterrupted and timely thirty (30) minute meal period.

140.    Defendants paid, some, limited premium wages for workdays in the 2020 season, but at the incorrect premium rate.

141.    At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that prevent Plaintiff and others similarly situated from being relieved of all duties for an uninterrupted meal period of at least thirty (30) minutes before the end of their fifth (5th) hour of work, and that fail to pay them premium wages on workdays in which they are not provided a lawful meal period.

142. As a result of Defendants' meal period practices, Plaintiff and others similarly situated are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable or promised rate of pay for each workday that Defendants failed to provide Plaintiff and others similarly situated lawful meal periods pursuant to Labor Code § 226.7.

143. As such, Plaintiff seeks, on behalf of himself and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

## FIFTH CLAIM FOR RELIEF

Failure to Provide Rest Breaks, or Premium Wages in Lieu Thereof
(Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders – Rule 23 Class Count)

144. Plaintiff incorporate paragraphs 7-33, 75-82, and 99-107 of this Complaint by reference as though fully set forth herein.

145. Plaintiff brings this Fifth Claim against Defendant Fresh Harvest, SMD Logistics and Fresh Foods pursuant to California Labor Code § 226.7 to enforce the rest break provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

146. Applicable Wage Orders impose an affirmative obligation on employers to permit and authorize employees to take required uninterrupted rest breaks at a rate of no less than ten (10) minutes for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as is practicable.

147. California Labor Code § 226.7 and Section 12(C) of the California Wage Orders require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest break.

148. Defendants did not authorize and permit Plaintiff and others similarly situated to take uninterrupted rest breaks of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and failed to pay premium wages in lieu of providing lawful rest breaks on such workdays.

149. At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and rest breaks that have failed to authorize and/or reasonably permit Plaintiff and the Class from being relieved of all duties for an uninterrupted rest break of at least ten

1   (10) minutes for each four (4) hour work period, or major fraction thereof, and which fail to pay

2   them premium wages on workdays in which they are not provided a lawful rest breaks.

3   150.    As a result of Defendants' rest break practices, Plaintiff and the Class are entitled to receive

4   premium wage compensation in an amount equal to one hour of additional wages at the applicable

5   contractual rate of pay for each workday that Defendants failed to provide Plaintiff lawful rest breaks

6   pursuant to Labor Code § 226.7.

7   151.    As such, Plaintiff seeks, on behalf of himself and others similarly situated, premium wages,

8   interest thereon, and an award of reasonable costs.

9   **SIXTH CLAIM FOR RELIEF**

10  Breach of Employment Contract

11  (Common Law - Rule 23 Class Count)

12  152.    Plaintiff incorporates paragraphs 7-107 of this Complaint by reference as though fully set

13  forth herein.

14  153.    This Count sets forth a claim against all Defendants.

15  154.    Plaintiff bring this Sixth Claim against all Defendants for Defendants' breach of the H-2A

16  employment contracts.

17  155.    This count is brought as a Rule 23 class claim for Defendants failure to pay the higher of the

18  contractually promised wage rate, the prevailing wage, or the state or federal minimum wage for all

19  compensable hours worked under the terms of the H-2A order for Plaintiff, H-2A truck drivers

20  employed by Defendants, and those domestic workers in corresponding employment.

21  156.    At all times relevant to this action, Plaintiff and others similarly situated, including H-2A

22  visa-holding truck drivers and domestic truck drivers employed by Defendants, were employed

23  under the terms and conditions of contained in the H-2A job orders described in paragraphs 35 to

24  57.

25  157.    The employment contracts promised Plaintiff and others similarly situated the applicable

26  prevailing wage.

27  158.    The prevailing wage applicable for truck driving was in excess of $16 per hour during all

28  applicable time periods.

159.    Defendants also contractually promised to pay domestic and foreign worker equally.

160.    Defendants did not provide the same wages and employment benefits to foreign and domestic workers.

161.    Plaintiff and others similarly situated performed on their relevant employment contracts.

162.    Defendants failed to pay all compensable hours worked at the contractually-promised wage rates.

163.    Defendants violations incurred in part because Defendants failed to pay the contractually promised prevailing hourly compensation.

164.    As a direct and proximate result of this failure Plaintiff and the Plaintiff Class have been deprived of contractually promised wages and benefits due and are entitled to recover the amounts due.

165.    Pursuant to Labor Code 2810.3, Plaintiff and the Plaintiff Class are entitled to recover all relief to which they are entitled from Defendant Rava Ranches with respect to all hours worked in connection with the hauling of crops for harvests performed on the property of Defendant Rava Ranches.

### SEVENTH CLAIM FOR RELIEF
Failure to Furnish Accurate Itemized Wage Statements
(Cal. Lab. Code §§ 226, 226.2 & Wage Orders – Rule 23 Class Count)

166.    Plaintiff incorporates paragraphs 7 through 107 of this Complaint by reference as though fully set forth herein.

167.    Plaintiff brings Count Seven against Defendants Fresh Harvest, SMD Logistics and Fresh Foods pursuant to California Labor Code §§ 226 and 226.2 to enforce the wage statement provisions of the California Labor Code.

168.    This count is brought as a Rule 23 class claim.

169.    At all times relevant to this action, the wage statements provided by Defendants to Plaintiff and the Class failed to contain the information required by California Labor Code §§ 226 and 226.2.

170.    Defendants furnished wage statements that lacked the following information:

a.   hours worked during the time period that employees were compensated at a piece rate basis;

b.   hours worked which were not recorded or compensated by Defendants including for pre and post-shift compensable work;

c.   accurate total hours worked;

d.   and accurate gross and net wages earned.

171.    By failing to pay Plaintiff and others similarly situated for minimum wages owed, overtime wages owed, and/or premium wages for unlawfully-provided meal periods and/or rest breaks, Defendants have furnished Plaintiff and others similarly situated with itemized wage statements that do not accurately reflect, among other things, gross and net wages earned, and the applicable wage rates.

172.    At all times relevant to this action, Defendants have furnished Plaintiff and others similarly situated with inaccurate itemized wage statements during pay periods in which Plaintiff and others similarly situated were compensated piece rate that fail to list the hours associated with this piece rate compensable work.

173.    At all times relevant to this action, Defendants' failure to provide accurate itemized wage statements has been knowing and intentional, in that Defendants have had the ability to provide accurate itemized wage statements, but have instead knowingly and intentionally provided inaccurate wage statements as a result of policies and practices that failed to keep accurate records of all hours worked, and the total amount of minimum and premium wages owed, and all applicable rates of pay.

174.    At all times relevant to this action, Plaintiff and the Class have suffered injuries due to Defendants' failure to provide accurate itemized wage statements in that, among other things, their legal rights to receive accurate itemized wage statements have been violated, they have been misled about the amounts of wages they have earned, they have had to spend additional time reviewing and analyzing their pay records, they have been prevented from immediately challenging allegedly unlawful pay practices, they have needed or will need to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned or the

1    applicable rates of pay, and/or have had inaccurate information about their wages and deductions

2    submitted to government agencies.

3    175.    Pursuant to California Labor Code § 226(e), Plaintiff seeks to recover, on behalf of himself

4    and the Class, the greater of actual damages or $50 for the initial pay period in which a violation

5    occurred, the greater of actual damages or $100 for each violation in a subsequent pay period, up to

6    the greater of actual damages or an aggregate $4,000 penalty, as well as awards of reasonable

7    attorneys' fees and costs, all in amounts subject to proof.

8    176.    As such, Plaintiff seeks, on behalf of himself and others similarly situated, statutory wage

9    statement penalties, and awards of reasonable costs and attorneys' fees.

10                                   **EIGHTH CLAIM FOR RELIEF**

11                             California's Unfair Competition Law ("UCL")
                     (Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Rule 23 Class Count)

12   177.    Plaintiff incorporate paragraphs 7 through 98 and 99 through 107 of this Complaint by

13   reference as though fully set forth herein.

14   178.    Plaintiff hereby brings this Eighth Claim against Defendants pursuant to California Business

15   & Professions Code §§ 17200 *et seq.* to enforce the provisions prohibiting unlawful and/or unfair

16   business practices of the California Business & Professions Code.

17   179.    California Business and Professions Code §§ 17200 *et seq.* defines "unfair competition" to

18   include any unlawful business practice.

19   180.    Plaintiff sues on behalf of himself and others similarly situated pursuant to California

20   Business and Professions Code §§ 17200 *et seq.*

21   181.    Plaintiff and others similarly situated suffered injury-in-fact and have lost money as a result

22   of Defendants' unfair competition alleged herein.

23   182.    Plaintiff and others similarly situated were not paid minimum, overtime and reporting time

24   wages as required by California Labor Code §§ 1182.12, 1194, 1197, 1198, and Industrial Welfare

25   Commission Wage Orders at paragraphs 3 and 5; Plaintiff and others similarly situated were not

26   provided with meal periods, and/or premium wages in lieu thereof, in violation of California Labor

27   Code § 226.7 and applicable California Wage Orders; Plaintiff and others similarly situated were not

28

provided with rest breaks, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Orders at paragraph 12; Plaintiff and others similarly situated were not indemnified for necessary business expenditures, in violation of California Labor Code § 2802; Plaintiff and others similarly situated were not provided accurate itemized wage statements in violation of California Labor Code §§ 226 and 226.2.

183.    Pursuant to California Business and Professions Code § 17203, Plaintiff seeks, on behalf of himself and others similarly situated, restitution of all moneys and property, including, but not limited to, earned minimum, reporting, and premium wages that Defendants either acquired, and/or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

184.    On information and belief, at all times relevant to this action, Defendants have either acquired, or may have acquired, money or property in the form of earned minimum wages, reporting wages and premium wages from Plaintiff and members of the Class by means of unfair competition as a result of Defendants' unlawful failure to pay them those wages, and related failures to maintain accurate records, indemnify for necessary business expenditures, or timely pay final wages at resignation or termination, in violation of the requirements of the California Labor Code and Wage Order 14.  Defendants, by the acts or omissions alleged of herein, have injured and are injuring the interests of the general public in that other employers who have been or currently are employing farm workers and attempting to do so in honest compliance with applicable wage and hour laws, including the laws violated by Defendants, are at an unfair competitive disadvantage as a result of Defendants' conduct.

185.    As such, Plaintiff seeks, on behalf of himself and others similarly situated, an injunction restraining Defendants from maintaining and enforcing the unfair and/or unlawful practices and policies that have resulted in the violations complained of herein, restitution of Plaintiff and the Class' wages, and the economic value of benefits unlawfully denied them by Defendants.

186.    In addition, because Plaintiff is enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF

**Waiting Time Penalties for Failure to Pay All Wages Due Pursuant to Cal. Labor Code § 203**

187.    Plaintiff incorporate by reference the allegations in paragraphs 1 to 124.

188.    This count sets forth a claim against all Defendants.

189.    Pursuant to Cal. Labor Code § 203, Plaintiff bring this claim on behalf of himself and the class, pursuant to Rule 23(b)(3), for all Defendants' failure to pay all outstanding wages due upon separation from employment.

190.    When seasonal employment comes to an end, California law requires an employer immediately pay all wages owed which in no event can be a period greater than 72 hours.  Cal. Labor Code § 201.

191.    When a worker is terminated, California law requires an employer immediately pay all wages owed which cannot be later than 24 hours from the time of termination. Cal. Labor Code § 201.

192.    Where an employer fails to comply with Cal. Labor Code §§ 201, the affected employee is entitled to receive a penalty in the amount of one day's wages for every day that their employer willfully denies this final payment of wages, up to a maximum of 30 days.  Cal. Labor Code § 203.

193.     The Defendants did not pay Plaintiff or similarly situated class members all their wages owed, including payment for all hours worked, overtime premium pay, or their contractually promised wages.

194.    Plaintiff and others similarly situated did not receive these wages in their last paycheck upon the seasonal end of their employment, nor upon their involuntary termination, with the Defendants.

195.    By failing to compensate Plaintiff, and similarly situated members of the Plaintiff Class who have quit, been discharged, or whose employment has seasonally ended during the relevant statutory period as required by the California Labor Code and the applicable wage order, Defendants have willfully failed to make timely payment of the full wages due to their former employees in violation of Cal. Labor Code § 201.

196.    Pursuant to Cal. Labor Code § 203, Plaintiff and members of the Plaintiff Class who have quit, been discharged, or whose employment has seasonally ended are entitled to waiting time

penalties of up to 30 days' wages per person.

197.     Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the Class are entitled to recover all relief to which they are entitled for this Ninth Claim for Relief from Defendant Rava Ranches with respect to all hours hauling product for harvests performed on the property of Defendant Rava Ranches as future detailed in paragraphs 88 through 93.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and relief as follows:

a)   That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

b)   That the Court certify the class defined herein;

c)   For an order appointing Plaintiff as class representative, and Plaintiff's Counsel as class counsel;

d)   Under Count One:

    1.     Grant judgment against Defendants, jointly and severally during their respective years as employers, and in favor of Plaintiff Saramiento and the sub-class of domestic workers, in an amount equal to their actual damages or statutory damages of up to $500, whichever is greater, pursuant to 29 U.S.C. § 1854(c), for Defendants' breach of the following provisions of AWPA:

        i.     Wage payment;

        ii.    Recordkeeping;

        iii.   Unlicensed contracting for Defendant Fresh Foods;

        iv.    Failure to verify contractor license for Defendant Rava Ranches;

        v.     False and misleading disclosures; and

        vi.    Violation of the working arrangement.

    2.     Declare that Defendants have violated the Migrant & Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.* as described above.

    3.     Enjoin Defendants from further violating the Migrant and Seasonal Agricultural Worker Protection Act.

e)  Under Count Two:

    1.  Grant judgment against Defendants, jointly and severally during their respective years as employers, and in favor of Plaintiff and the Class, for violations of California Labor Code §§ 1182.11-1182.13, and 1197, such that:

        i.  Plaintiff and the Class receive the full unpaid balance of their wages owed, as well as liquidated damages in the amount of their minimum wage loss, during the Class Period for the violation of their right to minimum wages pursuant to California Labor Code §§ 1194, 1194.2 and 1197.

        ii.  Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements.

    2.  Find that Defendant Rava Ranches is liable as a client-employer for the violations under Count Two pursuant to under California Labor Code § 2810.3.

    3.  Award Plaintiff and the Class attorneys' fees and costs pursuant to California Labor Code § 1194(a).

f)  Under Count Three:

    1.  Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Class, for violations of California Labor Code § 1194 such that:

        i.  Plaintiff and the Class receive the full unpaid balance of their premium wages owed during the Class Period.

        ii.  Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's overtime requirements.

    2.  Find that Defendant Rava Ranches is liable as a client-employer for the violations under Count Three pursuant to under California Labor Code § 2810.3.

    3.  Award Plaintiff and the Class attorneys' fees and costs pursuant to California Labor Code § 1194(a).

g)  Under Count Four:

    1.  Grant judgment against Defendants Fresh Harvest, SMD Logistics and Fresh Foods, jointly and severally, and in favor of Plaintiff and the Class, for violations of California

Labor Code § 226.7 such that:

    i.  Plaintiff and the Class receive the full unpaid balance of their premium wages owed during the Class Period for meal periods.

    ii.  Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's meal period requirements.

h)  Under Count Five:

    1.  Grant judgment against Defendants Fresh Harvest, SMD Logistics and Fresh Foods, jointly and severally, and in favor of Plaintiff and the Class, for violations of California Labor Code § 226.7 such that:

    i)  Plaintiff and the Class receive the full unpaid balance of their premium wages owed for rest breaks during the Class Period.

    ii)  Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's rest break requirements.

i)  Under Count Six:

    1.  Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Class, for breach of contract such that:

    i)  Find Defendants breached the contracts as detailed in Plaintiff's complaint;

    ii)  Find that Defendants failed to pay the domestic worker sub-class the prevailing wage for truck driving;

    iii)  Find that Defendants failed to pay the H-2A worker sub-class the prevailing wage for truck driving, nor wages equal to those paid domestic workers;

    iv)  Order that Plaintiff and the Class receive the wages they were entitled to under the applicable contracts for each hour they worked.

j)  Under Count Seven:

    1.  Grant judgment against Defendants Fresh Harvest, SMD Logistics, and Fresh Foods, jointly and severally, and in favor of Plaintiff and the Class, for violation of California Labor Code §§ 226 and 226.2 such that:

    i)  Plaintiff and the Class receive the greater of their actual damages or $50 for the

initial pay period in which a wage statement violation occurred, the greater of actual damages or $100 for each wage statement violation in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty.

ii)    Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's wage statement requirements; and

2.    Award Plaintiff attorneys' fees and costs pursuant to California Labor Code §§ 226(e) and 226(h).

k)    Under Count Eight:

1.    Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Class, for violations of California Business & Professions Code §§ 17200 *et seq.* such that:

i)    Plaintiff and the Class receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices.

ii)    Plaintiff and the Class recover wages as equitable relief for a period that extends the statute of limitations or recovery period for wages to four (4) years.

2.    For declaratory judgment that the actions, conduct, and practices of Defendants complained of herein constitute unfair business practices under California Business & Professions Code §§ 17200 *et seq.*

3.    For an injunction and order permanently restraining and enjoining Defendants from engaging in and continuing the unlawful and/or unfair policies and practices complained of herein.

4.    Award attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, as the Plaintiff is enforcing an important right affecting the public interest.

l)    Under Count Nine:

1.    Grant judgement against Defendants, jointly and severally, and in favor of Plaintiff and the Plaintiff Class for failure to pay all outstanding wages due upon separation from employment in violation of Cal. Labor Code § 203; and

2.    Award Plaintiff and the Plaintiff Class the amount of one day's wages, up to a

maximum of 30 day's wages, per employee who was terminated or left their employment with Defendants without timely receiving all outstanding wages due to them on each such termination or separation of employment; and

 3. Find that Defendant Rava Ranches is liable as a client-employer under California Labor Code § 2810.3 for the wages owed pursuant to this Count.

m) Awarding Plaintiff and the Class pre-judgment interest of ten percent (10%) on the unpaid wages and compensation owed to Plaintiff and the Class under California Civil Code §§ 3287(a) and 3289(b), California Labor Code §§ 218.6, 1194 and 2802(b), and/or any other applicable provision providing for interest;

n) Granting declaratory relief as appropriate;

o) Casting all costs upon Defendants; and

p) Awarding any such other and further relief, at law or in equity, as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

198. Plaintiff demands trial by jury on claims so triable.

DATED: November 12, 2020

*s/ D. Morton*
_____
DAWSON MORTON
ATTORNEY FOR PLAINTIFF
