Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFF RIGOBERTO SARMIENTO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., et al.<br><br>Defendants.<br>. | CIVIL ACT. NO.: 5:20-cv-7974-BLF<br><br>PLAINTIFF'S BRIEF AND REQUEST FOR RULE 56(D) STAY OR DISMISSAL IN OPPOSITION TO DEFENDANT FRESH HARVEST AND SMD LOGISTICS' MOTION FOR SUMMARY JUDGMENT |

Defendants Fresh Harvest and SMD Logistics have filed a motion for summary judgment on all of Plaintiff's claims for violation of the Agricultural Worker Protection Act, unpaid wages, breach of contract and violation of related employment laws. Simultaneously, these Defendants have objected to all discovery Plaintiff seeks including requests for production and subpoenas. *See, e.g.*, Doc. 38 (objecting to all subpoenas served by Plaintiff); Ex. A (Fresh Harvest discovery responses objecting and refusing to answer all requests); Ex. B (SMD discovery responses objecting and refusing to answer all requests). Additionally, one non-moving Defendant Fresh Foods, has objected to producing records and redacted all of its discovery production to hide the names of Plaintiff's coworkers, their compensation and hours, and the records of their vehicle operations. *See* Ex. G at Reqs. 3-5. Meanwhile, Movants seek to rely on facts, about which they have objected to

1  Plaintiff discovering, including detailed disputed facts like that "[Movants] did not and could not (1)

2  hire or fire… (2) promote [] (4) [sic] demote [] (5) transfer or remove . . . or (6) discipline" the

3  Plaintiff.  Doc. 28-1 at 5. Plaintiff cannot effectively oppose these untested assertions without

4  discovery, and thus Plaintiff cannot effectively respond to Defendants' motion for summary

5  judgment.

6       Because of Plaintiff's clear need for discovery, Movants' calculated discovery objections

7  made just before and while this motion was pending, and because that discovery is likely to create a

8  factual dispute regarding the accuracy of Defendants' factual representations concerning employer

9  status, Plaintiff asks that the Court stay or deny Movants' motion pursuant to Fed. R. Civ. P. 56(d).

10  **I.      A Court Should Grant a Rule 56(d) Denial Where There Is Material**

11  **Outstanding Discovery in the Moving Parties' Exclusive Control.**

12       The Supreme Court cautions that "summary judgment [should] be refused where the

13  nonmoving party has not had the opportunity to discover information that is essential to his

14  opposition." *Anderson v. Liberty Lobby. Inc*., 477 U.S. 242, 250 & n.5 (1986); *see also Program*

15  *Eng'g, Inc. v. Triangle Publ's, Inc*., 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party

16  has had no previous opportunity to develop evidence and the evidence is crucial to material issues

17  in the case, discovery should be allowed before the trial court rules on a motion for summary

18  judgment."). That caution is also articulated in Federal Rule 56(d) which authorizes the court to

19  "defer … or deny" the motion where the "nonmovant shows by affidavit or declaration that, for

20  specified reason, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).

21  The declaration of Plaintiff's counsel is attached hereto as Exhibit C.

22       Where Movants have objected to all discovery yet move based on facts they have not

23  permitted Plaintiff to discover, the mandates of the rule are met.  *Burlington N. Santa Fe R.R. v.*

24  *Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)

25  (reversing for abuse of discretion and instructing that "[w]here a summary judgment motion is filed

26  so early in the litigation, before a party has had any realistic opportunity to pursue discovery

27  relating to its theory of the case, district courts should grant any Rule 56[d] motion fairly freely.")

28  (applying predecessor to Rule 56(d), Rule 56(f)).  Even where all the requirements of Rule 56(d) are

1  not met, courts apply the rule liberally "[g]iven the precautionary nature of the rule, [because] . . .

2  [t]echnical, rigid scrutiny of a Rule 56[d] motion is inappropriate." *Union City Barge Line, Inc. v.*

3  *Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (applying predecessor rule). And, "where,

4  as in the present litigation, no discovery whatsoever has taken place, the party making a Rule 56[d]

5  motion cannot be expected to frame its motion with great specificity as to the kind of discovery

6  likely to turn up useful information, as the ground for such specificity has not yet been laid."

7  *Burlington N. Santa Fe*, 323 F.3d at 774 (applying Rule 56(f)); *Kauffman v. Orrego*, 2019 U.S.

8  Dist. LEXIS 202091, at *7 (D. Or. Nov. 21, 2019) (granting Rule 56(d) motion in part because

9  "[t]he required specificity is significantly reduced where no discovery has occurred.")

10      Where the need for discovery is adequately elaborated and where "no discovery has been

11  conducted" a grant of summary judgement would be "precipitous, premature" and would "not fairly

12  permit development of the issues for resolution[.]" *Inteliclear, LLC v. ETC Glob. Holdings, Inc.*,

13  978 F.3d 653, 663-64 (9th Cir. 2020) (citation omitted). Accordingly, outstanding discovery

14  motions should be addressed before a motion for summary judgment. *Parrish v. Bd. of Comm'rs*,

15  533 F.2d 942, 948 (5th Cir. 1976) (reversing summary judgment decided with pending motion to

16  compel because "granting of . . .  summary judgment . . .  without requiring the production of the

17  documents requested deprived the appellants of an opportunity to develop the facts on which they

18  sought to create a fact issue"); *Crawford v. Combs*, 2020 U.S. Dist. LEXIS 37632, at *4 (N.D. Cal.

19  Mar. 4, 2020) (denying a motion for summary judgment because "[a] pending discovery motion is

20  sufficient to raise a question as to whether the party opposing summary judgment should be

21  permitted additional discovery, even if no request under Rule 56(d) has been made.").

22      Plaintiff here and in the attached affidavit, Ex. C, present the factual discovery that Plaintiff

23  seek and explain why it is essential to Plaintiff's ability to respond to Defendants' Motion. The

24  discovery is necessary for Plaintiff to show that substantial facts showing the Movants' roles as

25  joint employers exist and that factual disputes preclude summary judgment.

26

27

28

1

2

**II.      Plaintiff Seeks Discovery that is Essential to his Summary Judgment Opposition and that is in Defendants' and Defendants' Agents' Exclusive Control.**

3        Plaintiff alleges that Defendants Fresh Harvest and SMD Logistics assigned workers to one

4    another and had the power to control Plaintiff's work.  Doc. 1 at ¶¶ 24-29 and ¶¶ 84-88. Defendants

5    Fresh Harvest and SMD move for summary judgment based largely on a claim that "Fresh Foods

6    exclusively and directly paid wages to Saramiento." Doc. 28-1 at 4. Defendants claim "rigorous

7    requirements[,]" Doc. 28-1 at 2, for employer status and that those factors are missing, but appellate

8    courts regular instruction that employment statutes should be "construed liberally[.]" *Donovan v.*

9    *Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). The definition of employ has been called "the

10   broadest definition that has ever been included in any one act." *U.S. v. Rosenwasser*, 323 U.S. 360,

11   363 (1945) (citation omitted). Assessing employment is necessarily fact intensive and is not limited

12   to paystub employers. There are a variety of multi-factor tests that look at issues of control and

13   economic dependence, in addition to performing traditional employer responsibilities.  *See, e.g.,*

14   *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997) (reversing district court for not considering

15   "factors revealing the economic reality of the farmworkers' alleged employment relationship").

16   Plaintiff's discovery seeks support for this analysis to oppose Movants' claim that the analysis does

17   not show economic dependence or control. As shown below, the Moving Defendants simply fail to

18   acknowledge the depth, complexity, and breadth of the employment analysis which reaches far

19   more employers than simply those who write a paycheck.

20                    a.   Plaintiff seeks discovery that is likely to lead to material evidence to support

21                         Plaintiff's Claims that Defendants Fresh Harvest and SMD Logistics were Joint

22                         Employers

23        There are at least six categories of discovery, which Plaintiff has sought and Defendants

24   have refused to produce, which are necessary for Plaintiff to oppose Defendants' motion: (1)

25   documents concerning the parties' relationship; (2) communications between the parties and their

26   agents concerning their relationship and the employment contracts; (3)  payroll and employment

27   documents for similarly situated workers including both domestic and foreign truck drivers; (4)

28   internal correspondence, work instructions and related employment direction and recordings

1 │ regarding truck drivers; (5) financial records showing the parties financial connection and

2 │ ownership of the tools, equipment and instrumentalities of the work and (6) employment records

3 │ and depositions for the workers who hired, fired, dispatched, supervised and directed the truck

4 │ drivers. Clearly, it would be inequitable to have Defendants present their view of the case all while

5 │ resisting legitimate discovery that may very well present an alternative view.

6 │                b.   Plaintiff seek discovery of Defendants' Fresh Harvest and SMD Logistics

7 │                   Relationship with Defendants Fresh Foods and Rava Ranches.

8 │       Defendant Fresh Harvest admits that it is "a farm labor contractor which provides H-2A visa

9 │ guest worker agricultural labor[.]" Doc. 28-1 at 2.[1] Movants brief notes that Fresh Foods "directly

10 │ hires employees" as well, Doc. 28-1 at 2, but claims that "Defendant SMD does not provide

11 │ employees to Fresh Foods." Doc. 28-1 at 3.[2]  In the Moving Defendants view the entities are

12 │ separate, however the case law is replete with examples where a labor contractor and its fixed-site

13 │ agricultural client were not separate for employment law purposes and were found to be joint

14 │ employers of the workers hired. *See, e.g.*, *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141

15 │ (9th Cir. 2016) (affirming class certification where "some of the workers performing H-2A tasks

16 │ were hired through a labor contractor, M&L, whereas [plaintiff] was directly hired by Mercer").

17 │       Courts in this circuit, applying Rule 56(d) have noted the import of allowing discovery

18 │ regarding "the contours of the parties' business relationship[.]" *Tri-Union Seafoods LLC v. Otis*

19 │ *McAllister, Inc.*, 2020 U.S. Dist. LEXIS 59567, at *8 (N.D. Cal. Jan. 8, 2020). Plaintiff need "not

20 │ demonstrate that the discovery it seeks 'necessarily will' defeat summary judgment; . . . only . . .

21 │ that the information sought 'could' defeat summary judgment." *Tri-Union Seafoods LLC v. Otis*

22 │ *McAllister, Inc.*, 2020 U.S. Dist. LEXIS 59567, at *9 (N.D. Cal. Jan. 8, 2020). Here, Plaintiff

23 │

24 │

25 │ [1] Movants claim, and aver by declaration, that Defendant "SMD is a logistics and maintenance
   │ company".  Doc. 28-1 at 2; Doc. 28-2 at ¶ 7 (swearing to the same).  SMD Logistics has told the
26 │ government in labor certifications it is "[a] fixed-site grower which owns or operates its work-sites
   │ and all agricultural commodities it produced at such sites."  *See* Ex. F (attached).  Plaintiff does not
27 │ know all aspects of the relationship between SMD, Fresh Harvest, Fresh Foods, and Rava Ranches,
   │ but its readily apparent that Defendants Fresh Harvest and SMD Logistics are in the habit of
28 │ describing their relationship in whatever manner is expeditious for their interests at the time.
   │ [2] This claim, like the earlier claim about SMD, is untested by discovery.  Plaintiff alleges that SMD
   │ drivers were assigned to work at Fresh Foods or Rava Ranches. Doc. 1 at ¶¶ 84-86.

1   believes discovery will show the parties joint control, direction and setting of wages, control of

2   terms and conditions of employment and making hiring and firing decisions. Morton Decl. (Ex. C)

3   at ¶ 10.  These facts, when discovered, would contradict the facts relied upon by Movants. *See* Doc.

4   28-1 at 5 and at 9.

5               c.   There are employment contracts at issue, drafted by Defendants and Filed with

6                     the Government, to which Plaintiff is Entitled to Discover Extrinsic Evidence.

7         Plaintiff has alleged that employment contracts covered his employment.  Doc. 1 at ¶ 37.

8   The parties drafted and filed employment contracts which sought the employment of foreign

9   laborers, but which also extended, by operation of law, to domestic workers. 20 C.F.R. §

10   655.122(a).  Where contracts, and their interpretation, are at issue, a Plaintiff is entitled to discovery

11   of "extrinsic evidence" including "the surrounding circumstances under which the parties negotiated

12   or entered into the contract; the object, nature and subject matter of the contract; and the subsequent

13   conduct of the parties." *Travelers Indem. Co. v. Premier Organics, Inc.*, 2017 U.S. Dist. LEXIS

14   161282, at *7 (N.D. Cal. Sep. 29, 2017) (citation omitted). Plaintiff has sought discovery of these

15   contracts, correspondence about the contracts, and the supervision and communications directed to

16   workers like Plaintiff, under the contracts.  Morton Decl. [Ex. C] at ¶¶ 7-9; *see also* Ex. A at

17   Request No. 1; Ex. B at Request No. 1.  The moving defendants have refused to produce any

18   discovery response—including the responses concerning the contracts at issue.  Ex. C at ¶ 5.

19   Similarly, the non-moving Defendant Fresh Foods has also refused to produce this discovery or

20   claims it does not possess it.  Ex. G at Req. No. 1. Plaintiff also intends to serve subpoenas related

21   to the contracts, Movants' recruiting, Movants' prior admissions and legal positions, and to take

22   depositions of Defendants, supervisors, and third-party agents of the Defendants involved in the

23   contracts. Responses to this discovery should allow Plaintiff to oppose Movants' claim that the

24   contracts at issue did not form the terms of Plaintiff's employment.

25

26

27

28

1          d.   Defendants Wish to Portray Themselves as Separate and Distinct, but Plaintiff is

2               Entitled to Discovery which Should Show They are Close, Intertwined, and

3               Share Joint Operations.

4          From the moving Defendants' motion, it would appear that Defendants are "separate and

5  distinct" and "do not have any input regarding, or control or authority over. . . operation,

6  employment decisions, working conditions, or business hours." Doc. 28-1 at 3. But, even just from

7  the limited publicly available records, it is clear Defendants' relationship is far closer. Both

8  Defendant Fresh Harvest, a movant here, and Defendant Fresh Foods, have admitted a joint

9  employment relationship.  Defendants Fresh Foods has told the government that it is a joint

10  employer and has participated in a newly formed corporate entity, created by principals of Movants,

11  to further its joint employment relationship.  *See* Ex. D (providing "FLAG is an association filing as

12  a joint employer with the following employer-members: Organic Girl; Fresh Express Inc.; Taylor

13  Farms Retail; Seco Packing; Fresh Foods, Inc.; and Mission Ranches.")[3]  Additionally, Fresh

14  Harvest in litigation before a federal administrative tribunal told the Administrative Law Judge that

15  it was a joint employer with its California clients like Fresh Foods.  *See* Ex. E (decision of the

16  OALJ in *In the Matter of Fresh Harvest, Inc., Employer*).  As the Administrative Law Judge in a

17  decision concerning Defendant Fresh Harvest's use and compensation of foreign truck drivers noted

18  "the Employer asserts that, because it is a joint employer under unrelated California state law, the

19  H-2A workers sought should be considered employees of both the Employer and the fixed-site

20  growers." Ex. E. Defendants relationship is not simply the arms-length business relationship they

21  claim.  Plaintiff seeks discovery from Defendants and third-parties to show this relationship and

22  establish Plaintiff's claims. Morton Decl. at ¶¶ 9-11.  Defendants inconsistent prior positions show

23  opposing facts exist, can lead to findings or admissions of joint employment, and if discovery is

24  allowed these facts will allow Plaintiff to oppose Movants' claim that the entities are separate and

25  unrelated.

26

27

28  [3] Movants' affiant, Suzanne Rava, swears that "Fresh Foods operates independently from Fresh
Harvest and SMD," Doc. 28-2 at ¶ 6, which is at odds with other representations to the government
that they are joint employers.

III.     **Defendants Make Representations About the Very Discovery They Objected to**
        **Produce.**

Defendants have made a string of factual representations in their motion and declarations. Plaintiffs have sought to discover the underlying facts about these very factual issues, but Defendants have refused and objected.  For example, they claim "Fresh Harvest and SMD did not provide Sarmiento with any tools or equipment," Doc. 28-2 at ¶ 9, Plaintiff sought discovery regarding "vehicle operation and miles driven." Ex. A at Req. No. 5. These records would show the vehicles operated and the drivers.  The request was objected to as "irrelevant" along with other objections. Ex. A at Req. No. 5. Similarly, they claim that "Rava is separate and distinct entity from both Fresh Harvest and SMD" and "operates independently[.]"  Doc. 28-2 at ¶ 8.  Plaintiff has sought to discover the relationship between the Defendants and the financial connections which may show economic dependence.  Plaintiff served a request for "invoices of labor contracting . . . general ledger detail for all work . . . and all services . . . mentioning RELATING TO, or sent or received from Rava Ranches, Inc. and/or Fresh Foods, Inc."  Ex. A at Request for Prod. No. 12. Defendants, including Movants, have objected.

Similarly, Movants provide a declaration claiming "Fresh Foods, not Fresh Harvest or SMD, set the scheduled days that Sarmiento would work as a driver." Doc. 28-2 at ¶ 10.  Plaintiff has sought discovery of pay records of Plaintiff's coworkers from Fresh Foods, Fresh Harvest and SMD.  Ex. A at Req. No. 3; Ex. B at Req. No. 3; Ex. G at Req. No. 3.  Defendants objected to the discovery concerning co-workers and Defendant Fresh Foods unilaterally redacted all records concerning co-workers.  Although Plaintiff has yet to receive discovery the claim that Fresh Harvest or SMD did not set the schedule appears wrong as the schedule for drivers was set forth in a written employment contract submitted by Fresh Harvest. *See, e.g.*, Ex. 1 at ¶ 37.  Movants present, as a fact that "Fresh Foods retained the authority to transfer or remove Sarmiento from a driving route." Doc. 28-2 at ¶ 10. Movants also claim that "Fresh Harvest and SMD do not, and cannot, hire or fire Fresh Foods or Rava employees." Doc. 28-2 at ¶ 12.  Again, Plaintiff sought "evidencing separation from work by any H-2A WORKER or U.S. WORKER employed to operate a motor vehicle[.]"  Ex. A at Req. for Prod. No. 16. Movants again objected.  Plaintiff believes that dispatching staff from

1   Defendant SMD and/or Fresh Harvest had the ability to change where drivers were assigned, what

2   hours drivers received, and to determine terminations.  Movants claim that "Fresh Harvest and

3   SMD do not have the authority to prevent Fresh Foods or Rava's employees from working." Doc.

4   28-2 at ¶ 15.[4] Plaintiff has plead the opposite.  Doc. 1 at ¶ 86.  Plaintiff should be entitled to

5   discovery that tests Movants' representations to this Court.

6          Similarly, Movants provide declarations concerning the "Custom Harvester Services

7   Agreement with Fresh Foods . . . wherein Fresh Harvest agreed to provide labor for harvesting of

8   Fresh Food's crops." Doc. 28-2 at ¶ 5. Plaintiff has sought discovery of this agreement.  All

9   Defendants have objected to producing it.

10          Finally, Movants aver that "Fresh Harvest and SMD do not process payroll for any Fresh

11   Foods or Rava employees." Doc. 28-2 at ¶ 16.  Plaintiff has sought discovery of the payroll.

12   Plaintiff believes this not to be the case.  Again, Plaintiff should be entitled to conduct discovery to

13   respond to this claimed fact upon which Movants seek to rely.

14          Movants also claim that "Fresh Foods and Rava do not co-mingle funds with Fresh Harvest

15   and SMD." Doc. 28-2 at ¶ 18.  Again, Plaintiff has sought discovery concerning the source of funds,

16   the accounts held, and the lines of credit, and Defendants, including Movants, have objected and

17   sought to block the discovery.  Doc. 38 at 3; *see also* Ex. A at Req. No. 12.  If Plaintiff is provided

18   discovery responses that Defendants have refused to produce, Plaintiff should be able to oppose

19   these facts and contest Movants' motion by showing the underlying facts are disputed.

20                                     CONCLUSION

21          For the foregoing reasons, Plaintiff ask that the Court stay or dismiss Defendant Fresh

22   Harvest and SMD Logistics' motion with permission to refile after the conclusion of discovery in

23   this matter.

24          Respectfully submitted this 10th day of May, 2021,

25                                            s/ Dawson Morton

26   _____

27   [4] The Movants' declarant also represents that "Fresh Harvest and SMD do not have the authority to
set the working hours or wage levels for Fresh Foods's or Rava's employees." Doc. 28-2 at ¶ 15. If,
as Plaintiff alleges, Defendant Fresh Harvest prepared the job orders those set the working hours

28   and wage levels. Doc. 1 at ¶ 44.  Plaintiff has sought discovery to confirm and support this
allegation. Ex. C at ¶ 10.

Dawson Morton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on May 10, 2021, electronically filed with the Clerk of the Court the foregoing OPPOSITION TO SUMMARY JUDGMENT and all attachments. This filing will be served upon the Defendants in this action using the Court's CM/ECF system which will electronically notice:

Ana Toledo
Lindsey Berg-James
NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation
333 Salinas Street
P.O. Box 2510
Salinas, CA 93902
atoledo@nheh.com
lbergjames@nheh.com
parce@nheh.com

Counsel for Defendants Fresh Foods and Rava Ranches

Charley Stoll
Charley Stoll, APC
340 Rosewood Ave, Ste K
Camarillo CA 93010
cstoll@cmsapc.com

Rob Roy
Ventura County Agricultural Assoc.
916 W. Ventura Blvd.
Camarillo CA 93010
Rob-vcaa@pacbell.net

Derek Havel
David Schwarz
Tyler Johnson
Shepard, Mullin
333 S. Hope St., 43 Floor
L.A., CA 90071
Dhavel@sheppardmullin.com
Tjohnson@sheppardmullin.com
dschwarz@sheppardmullin.com

Counsel for Defendants Fresh Harvest and SMD Logistics

s/ Dawson Morton
Dawson Morton