UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SARAMIENTO,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., et al.,<br><br>Defendants. | Case No.  20-cv-07974-BLF   (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSIONS**<br><br>Re: Dkt. Nos. 38, 43 |

The Court has considered the Parties' submissions regarding the third-party subpoenas served by Plaintiff on certain of Defendants' banks (Dkt. 38) and accounting firm (Dkt. 43). Defendants move to quash the subpoenas on a variety of grounds, fairly summarized as invasion of privacy, concern over trade secrets, and overbreadth. Dkt. 43; 46. Plaintiff defends the subpoenas as necessary to establish Defendants' employer status based upon a theory of joint enterprise. Dkt. 42; 43. Plaintiff further argues that the discovery is essential to its opposition to pending motions for summary judgment brought by Defendant Fresh Harvest, Inc. and SMD Logistics on the grounds that they did not employ Plaintiff. The Court requested supplemental briefing from both Parties, including a chart from Plaintiff linking specific subpoena requests to allegations in the complaint. Dkt. 42-2; 42-3.

Having carefully considered the facts and law as set forth in the Parties' briefs, the pending summary judgment motions[1] and the subpoenas at issue, the Court ORDERS the Parties to meet and confer regarding a protective order, either adopting or modeled on the Northern District of California model order, and to submit it in accordance with this Court's Civil and Discovery

---

[1] The initial dispute was filed at Dkt. 31 on April 23, 2021, before Plaintiff's opposition to summary judgment was due. Although briefing is now complete, the hearing on the motion is currently set for September 30, 2021.

Referral Matters Standing Order no later than June 18, 2021.  With the protective order in place, Defendants' concerns regarding privacy and overbreadth are greatly ameliorated.  Defendants' concerns regarding trade secrets, based upon pricing information, are not persuasive in this context where the Plaintiff is a former employee, not a competitor, and will also be sufficiently addressed with a protective order.  Once the protective order is in place, production of documents pursuant to the subpoenas may proceed forthwith.  Accordingly, Defendants' motions to quash are DENIED.

**SO ORDERED.**

Dated: June 9, 2021

SUSAN VAN KEULEN
United States Magistrate Judge