1   Dawson Morton, Esq.  (SBN: 320811)
    Santos Gomez, Esq. (SBN: 172741)
2   LAW OFFICES OF SANTOS GOMEZ
    1003 Freedom Boulevard
3   Watsonville, CA 95076
    Telephone: (831) 228-1560
4   Facsimile: (831) 228-1542
    dawson@lawofficesofsantosgomez.com | santos@lawofficesofsantosgomez.com
5
    Attorneys for Plaintiff,
6   RIGOBERTO SARMIENTO, GUSTAVO LEUVANO-
    VACA and others similarly situated
7
    Additional counsel on the following page
8

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12   RIGOBERTO SARAMIENTO, GUSTAVO          Case No. 5:20-cv-7974-BLF
     LEUVANO-VACA, and others
13   similarly situated,                    **JOINT STATEMENT RE PLAINTIFFS'
                                            SUBPOENA TO JEANNE MALITZ OF
14            Plaintiffs,                    MALITZLAW, INC.**

15       vs.

16   FRESH HARVEST, INC., FRESH FOODS,      [Complaint Filed: November 12, 2020]
     INC., RAVA RANCHES, INC., and SMD
17   LOGISTICS, INC.

18            Defendants.

19

20

21

22

23

24

25

26

27

28
                                                                    00001

1   Charley M. Stoll, Esq.
    CHARLEY M. STOLL, A PROFESSIONAL CORPORATION
2   340 Rosewood Avenue, Suite K
    Camarillo, CA 93010
3   Telephone: (805) 389-5296
    Facsimile: (805) 389-5288
4   cstoll@cmsapc.com

5   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
6       Including Professional Corporations
    DEREK R. HAVEL, Cal. Bar No. 193464
7   dhavel@sheppardmullin.com
    DAVID A. SCHWARZ, Cal Bar No. 159376
8   dschwarz@sheppardmullin.com
    TYLER J. JOHNSON, Cal. Bar No. 307386
9   tjjohnson@sheppardmullin.com
    333 South Hope Street, 43rd Floor
10  Los Angeles, California 90071-1422
    Telephone:     213.620.1780
11  Facsimile:     213.620.1398

12  Attorneys for Defendants FRESH HARVEST,
    INC. and SMD LOGISTICS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

00002

SMRH:4812-3028-2478.2

JOINT STATEMENT RE PLAINTIFF'S SUBPOENA TO JEANNE MALITZ OF
MALITZLAW, INC.

I. **<u>Case Deadlines</u>**

The trial of this matter is scheduled for November 13, 2023.  The discovery cut-off is September 14, 2023.  Defendants Fresh Harvest and SMD Logistics have moved for summary judgment with that hearing set for September 30, 2021.

II. **<u>Unresolved Issues</u>**

On May 28, 2021, Plaintiffs served a subpoena on Jeanne Malitz of Malitzlaw, Inc., seeking invoices, communications, and other documents related to Defendants' applications for H-2A workers September 2016 through December 2020.  The subpoena is attached as Exhibit A. Fresh Harvest and SMD have objected to the subpoena.  The objections are attached as Exhibit B. The parties spoke by telephone regarding the subpoena.  The FH and SMD Defendants refused to alter their objections or produce a privilege log, Plaintiffs refused to withdraw the subpoena. Jeanne Malitz also objected to the subpoena with objections that were nearly identical word for word to those made by Defendants. Ex. C (attached).

A. <u>Plaintiffs' Position</u>

Plaintiffs believe that Defendant's H-2A agent, Malitzlaw, is involved in the processing of visa application forms and assembling the employment contracts and the visa processing arrangements.  The principal form completed by Ms. Malitz's office is the ETA-9142 and ETA-790.  *See* DOL ETA-9142 (available at

https://www.dol.gov/sites/dolgov/files/ETA/oflc/pdfs/ETA_Form_9142A.pdf).  Jeanne Malitz has previously been subpoenaed by Plaintiffs' counsel with a nearly identical subpoena. Previously, Ms. Malitz did not expressly withhold documents based on a claim of privilege.  *See* Ex. D (not withholding documents based on claim of privilege). She raised a boilerplate privilege objection "to the extent" it might apply regarding her work as an H-2A agent.  But unlike here, Malitzlaw produced responsive documents.

The work Malitzlaw performs is relevant to the claims here as the contracts form the basis for many of Plaintiffs' wage claims.  *See, e.g.*, Doc. 53 at ¶ 117, 127 and 133. Additionally, the contracts are relevant to the issue of employer status as they may contain statements of joint employment or contractual terms relating to joint employment.  *See, e.g.*, *Martinez-Bautista v.*

-3-
00003

1    *D&S Produce*, 447 F. Supp. 2d 954, 961 (E.D. Ark. 2006) (deciding employer status based, in

2    part, on statements contained in the H-2A employment forms).

3        Plaintiffs contend that the claim of privilege is inapplicable and have asked Defendants'

4    counsel to produce a privilege log to better contest the claim of privilege.  Defendants' counsel

5    refused. Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring an express claim of privilege, the grounds upon

6    which it is based, and disclosure of sufficient information to determine the applicability of the

7    privilege). "The burden of establishing that the attorney-client privilege applies to the documents

8    in question rests with the party asserting the privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974

9    F.2d 127, 129 (9th Cir. 1992). Defendants' and Malitz's objections should be overruled.

10       First, Ms. Malitz work for Fresh Harvest as an H-2A agent does not involve the practice of

11   law or providing legal advice and is instead providing assistance with petition processing, form

12   completion and visa processing. These activities do not require a law license.  "The attorney-client

13   privilege protects only communications made in the course of seeking legal advice from a

14   professional legal adviser in his or her capacity as such." *Segerstrom v. United States*, 2001 U.S.

15   Dist. LEXIS 2949, at *7 (N.D. Cal. Feb. 6, 2001). The role of H-2A Agents as Malitzlaw is

16   engaged here is to file job documents for clients with the Department of Labor.  *Llacua v. W.*

17   *Range Ass'n*, 2016 U.S. Dist. LEXIS 193120, at *9 (D. Colo. June 3, 2016) (noting role of agents

18   that "[t]he DOL expressly contemplates that 'agents' and 'associations acting as agent' can file job

19   orders"); *Int'l Labor Mgmt. Corp. v. Perez*, 2014 U.S. Dist. LEXIS 57803, at *47 (M.D.N.C. Apr.

20   25, 2014) (granting injunction in favor of H-2A agent regarding the "process[ing] [of] all

21   applications" and never mentioning the practice of law). The Department of Labor does not

22   require that the H-2A agents possess a law license and simply requires that they are "authorized to

23   act on behalf of the employer for temporary agricultural labor certification purposes" and that if

24   they are lawyers they are not disbarred[.] 20 C.F.R. § 655.103. On Malitzlaw's own website the

25   service provided is characterized as "H-2A Processing." Ex. E (attached).  Indeed, most of the

26   competitors to Ms. Malitz in form completion and visa processing for H-2A employers are not law

27

28

00004

SMRH:4812-3028-2478.2

JOINT STATEMENT RE PLAINTIFF'S SUBPOENA TO JEANNE MALITZ OF
MALITZLAW, INC.

firms or licensed attorneys.  *See, e.g*., AgWorks H2, LLC; Mas Labor, LLC; H-2A Complete II, Inc.[1]

In assessing claims of privilege, the work performed must be for the purpose of providing legal advice.  *MediaTek Inc. v. Freescale Semiconductor, Inc*., 2013 U.S. Dist. LEXIS 147032, at *12 (N.D. Cal. Oct. 10, 2013) (finding "[w]hat is vital to the privilege is that the consultant was retained 'for the purpose of obtaining legal advice.'") Where attorneys are employed in positions often performed by non-attorneys the "ordinary business activities . . .  typically handled by an adjuster or investigator . . .  are not entitled to attorney client privilege." *Menapace v. Alaska Nat'l Ins. Co*., 2020 U.S. Dist. LEXIS 191695, at *21-22 (D. Colo. Oct. 15, 2020); *see also United States v. Abrahams*, 905 F.2d 1276, 1284 (9th Cir. 1990) (affirming no privilege for "simple return preparation").  The completion of forms for the Department of Labor, the collection of information from the client, and communications with the consulate are simply activities performed by non-attorneys and do not qualify as the provision of legal advice for which a claim of privilege could attach.[2]

Second, the great majority of documents sought were provided to third-parties making any claim of privilege inapplicable.  The role of the H-2A agent is to provide documents to the state and federal employment services and subsequently to consular officials. *See* 20 C.F.R. § 655.121(a)(1) (describing process of submitting the "job order, Form ETA-790, to the S[tate] W[orkforce] A[gency] serving the area of intended employment . . .  identifying it as a job order. . . for H-2A workers.") Similarly, billing statements are not protected. *Clarke*, 974 F.2d at 130

---

[1] Mas Labor is a non-attorney H-2A agent.  *See* Mas Labor website (available at: https://maslabor.com/corp/#mas-maslabor-our-team ) (describing itself as a "a business-to-business consulting firm").  AgWorks H2 is a non-attorney H-2A agent.  *See* AgWorks website (available at: https://agworksh2.com/team/ ) (describing it as founded by "a former District Director of the U.S. Department of Labor").  H-2A Complete II, Inc. is a non-attorney H-2A agent.  *See* H-2A Complete website (available at: http://h2acomplete.com/services.html ) (describing services as "process[ing] petitions for those who manage their own H-2A work force.").

[2] Similarly, attorney work product is inapplicable as documents that are "assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes" are not protected as work product. Fed. R. Civ. P. 26(b)(3), Advisory Committee Note of 1970.

00005

1   (affirming that "attorney billing statements are not protected by the attorney-client privilege.") No

2   claim of privilege for these documents and the communications, directly sought by the subpoena,

3   could exist.

4         Third, Defendants claim of whom the "client" is has shifted, and conflicts with

5   Defendants' answer in this action, making the claim of a client relationship suspect.  Initially,

6   Defendants claimed the client was "Fresh Harvest" but now claim it is both SMD Logistics and

7   Fresh Harvest.  The new claim is curious as Defendants have claimed SMD Logistics "never

8   provided labor under an H-2B contract." Ex F at 3 (Apr. 14 2021 Ltr of Sheppard Mullin

9   attorneys).  The claim of privilege supported by no documentation and made inconsistently

10  certainly appears suspect and does not carry Defendants' burden.

11        B.    Defendants' Position

12        Plaintiff's subpoena seeks documents clearly protected by the attorney-client privilege and

13  attorney work product doctrine.  Ms. Malitz served as Fresh Harvest's and SMD immigration law

14  attorney in preparing applications to the Department of Labor ("DOL") for H-2A workers.  Ms.

15  Malitz also provided advice on immigration law compliance related to these applications.  Plaintiff

16  attempts to mislead the Court by stating Ms. Malitz did not object to a similar subpoena Plaintiff's

17  counsel served in another case.  This is not true.  The objections set forth in Exhibit D contain an

18  attorney-client privilege objection.  Further, no context has been provided for this subpoena or the

19  other matter and it is therefore irrelevant.

20        Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), the court must quash or

21  modify a subpoena if it "requires disclosure of privileged or other protected matter."  Here, the

22  requested documents are protected by the attorney-client privilege and attorney work product

23  doctrine.  "The attorney-client privilege protects confidential disclosures made by a client to an

24  attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such

25  disclosures."  United States v. Bauer, 132 F.3d 504, 507 (9th Cir. 1997).  Typically, an eight-part

26  test determines whether information is covered by the attorney-client privilege:  "(1) Where legal

27  advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the

28  communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his

00006

1  instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless

2  the protection be waived." In re Grand Jury Investigation, 974 F.2d 1068, 1071 n.2 (9th Cir.

3  1992).

4          The information the subpoena requests satisfies each of the eight elements.  Fresh Harvest

5  and SMD sought Ms. Malitz's legal advice in preparing applications to the DOL.  The

6  communications between Ms. Malitz and Fresh Harvest and/or SMD relate to the preparing of

7  these applications.  Plaintiff does not offer any evidence showing the privilege has been waived.

8  Accordingly, the documents sought are protected by the attorney-client privilege.  See Advanced

9  Cardiovascular Systems, Inc. v. C.R. Bard, 144 F.R.D. 372, 376 (N.D. Cal. 1992) (finding

10  communications between client and attorney in preparing to submit a patent application were

11  protected by the attorney-client privilege).

12          Plaintiff's subpoena also seeks Ms. Malitz's billing records related to the services she

13  provided to Fresh Harvest and SMD.  Under Ninth Circuit authority, the "attorney-client privilege

14  embraces attorney time, records and statements to the extent that they reveal litigation strategy and

15  the nature of the services provided."  Travelers Prop. Cas. Co. of Am. v. Centex Homes, 2013

16  U.S. Dist. LEXIS 26241, at *4-5 (N.D. Cal. Feb. 26, 2013).  Because Ms. Malitz's detailed billing

17  statements outline the nature of the services she provided to Fresh Harvest and SMD, they too are

18  protected by the attorney-client privilege.

19          Defendants therefore request the Court quash Plaintiff's subpoena, which seeks privileged

20  information.  To the extent Plaintiff seeks the job orders Fresh Harvest submitted to the DOL,

21  Fresh Harvest has already produced these documents and does not object to Ms. Malitz likewise

22  producing them.

23

24

25

26

27

28

SMRH:4812-3028-2478.2

JOINT STATEMENT RE PLAINTIFF'S SUBPOENA TO JEANNE MALITZ OF
MALITZLAW, INC.

Dated:  June 25, 2021

LAW OFFICES OF SANTOS GOMEZ

By _____/s/ Dawson Morton_____
DAWSON MORTON
SANTOS GOMEZ

Attorneys for Plaintiffs


I, Tyler J. Johnson, Esq., attest that all of the signatures on this joint report and on whose behalf the filing is submitted, confer in the filing's content and have authorized the filing.

Dated:  June 25, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Tyler J. Johnson_____
DEREK R. HAVEL
DAVID A. SCHWARZ
TYLER J. JOHNSON

Attorneys for Defendants
FRESH HARVEST, INC. and SMD LOGISTICS, INC.

00008

-8-

SMRH:4812-3028-2478.2                JOINT STATEMENT RE PLAINTIFF'S SUBPOENA TO JEANNE MALITZ OF MALITZLAW, INC.

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Rigoberto Sarmiento | ) |
| *Plaintiff* | ) |
| v. | ) |
| Fresh Harvest, Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  5:20-cv-7974-BLF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Jeanne Malitz, MalitzLaw, Inc.
                  1295 Scott St., San Diego, CA 92106

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: See attached. | Date and Time: |
|---|---|
| | 6/14/21 4:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/27/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ Dawson Morton |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rigoberto Sarmiento, Plaintiff _____ , who issues or requests this subpoena, are:

Dawson Morton, Law Offices of Santos Gomez, 1003 Freedom Blvd, Watsonville, CA 95076, Ph: 404-590-1295

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

00010

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-cv-7974-BLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                          .

❏ I served the subpoena by delivering a copy to the named person as follows:

_____         on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                          .

My fees are $                    for travel and $                    for services, for a total of $          0          .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Attachment to Subpoena**:

To:     Jeanne Malitz, Malitzlaw, Inc.
         1295 Scott St
         San Diego CA 92106
         619-269-6164

**YOU ARE COMMANDED to produce and permit inspection and copying of the following objects at the place, date, and time specified on the attached subpoena:**

This subpoena seeks all documents in your possession, custody, or control concerning Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., and/or Rava Ranches, Inc., referring to the recruitment, hiring, processing or referral of workers for H-2A or H-2B visa positions from September 1, 2016 through December 31, 2020.  This request includes, but is not limited to, the following categories of documents:

1.      Any and all invoices and payments for work that "you" performed or expenses "you" incurred for Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., and/or Rava Ranches, Inc., and any employees and agents of the foregoing individuals and entities.  This request includes, but is not limited to, invoices for work that "you" performed preparing "job orders", scheduling visas, recruiting workers, obtaining bonds, paying visa reciprocity fees, paying immigration expenses, and other H-2A or H-2B services and any records, including those held by your bank, of payment for those services and expenses;

2.      Any and all "documents" that "you" prepared and provided to any government entity or other third-party as part of the application for "H-2A workers" or "H-2B workers" for employment by any of the individuals or entities listed in Section 1, above, including any supporting "documents" prepared for the application, bonds, recruitment reports, and any "correspondence" regarding the application or the post application reporting. This request includes, but is not limited to, "documents" and "correspondence" related to the preparation or recruitment for ETA Case Numbers: H-300-20065-377835, H-300-19013-277890, H-300-20032-291586, H-300-18337-574794, H-300-19013-277890, H-300-19252-773193, H-300-18274-039694, H-300-19273-061569, and H-300-19134-606237; and

3.      Any and all "correspondence" between "you" and any government entity, third-party or Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., Ag Data Global, LLC, and/or Rava Ranches, Inc. regarding obtaining "H-2A workers," "H-2B Workers," visa processing, immigration and travel expenses, or contracting as an H-2A or H-2B labor contractor.

Definitions

The following terms used above have the following definitions:

1.      "Documents" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced.  The term "documents" includes, without

1                                                                                    00012

limitation, writings (including those made on tablets and notebooks), electronic messages including WhatsApp messaging, facsimiles, electronic mail, correspondence, interoffice communications, minutes, reports, memoranda, notes, schedules, drawings, photographs, tables, graphs, charts, maps, surveys, time cards, books of account, ledgers, invoices, receipts, purchase orders, contracts, bills, canceled checks, drafts, wage statements, wage stubs, recordings, information stored in any form, including electronic, digital and optical, and all other such documents, tangible or retrievable, of any kind.  "Documents" includes any addenda, changes, additions or deletions made to any documents, and all drafts or preliminary versions of documents. When documents are requested the metadata associated with any responsive electronic documents is also specifically sought and requested.

2.      "You" and "your" refer to Malitzlaw, Inc., Jeanne Malitz, and all employees, officers, agents, servants, investigators, contractors, experts, technicians, and other persons acting on your behalf or in partnership with you.  "You" also includes all partnerships, business entities, proprietorships, or affiliated companies in which you have an ownership or investment interest, or any parent, subsidiary, partner, predecessor or successor companies or corporations.

3.      "Job order" refers to documents used for the intra and inter-state recruitment of workers through the United States Employment Service, the U.S. Department of Labor and the California Employment Development Department, including ETA Form 790 and all attachments.

4.      "H-2A Worker" refers to an individual coming temporarily to the United States to perform agricultural labor or services, as defined by 8 U.S.C. 1101(a)(15)(H)(ii)(a).

5.      "H-B Worker" refers to an individual coming temporarily to the United States to perform nonagricultural labor or services, as defined by 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

6.      "Correspondence" refers to any tangible record memorializing a conversation or communication, including sound recording, letter, email, fax, payment, instant or text message, contemporaneous notes recorded during a conversation, or a memoranda drafted following a conversation.

All electronic documents shall remain in their original electronic format (for example Outlook emails in .pst format; spreadsheets in .xls or .xlsx format; and Quickbooks files in .QBB format with written explanation of version of Quickbooks used) and be produced on electronic media (CD-ROM, flashdrive, or equivalent).

| Production of documents may be delivered by mail or courier service to: | **Or the documents may be mailed or emailed directly to:** |
|---|---|
| Dawson Morton<br>c/o Knox Services<br>2251 San Diego Avenue, Suite A-120<br>San Diego, CA 92110 | **Dawson Morton**<br>**Law Offices of Santos Gomez**<br>**1003 Freedom Blvd.**<br>**Watsonville, CA 95076**<br>**dawson@lawofficesofsantosgomez.com** |

00013

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

Charley Stoll
Charley M. Stoll, APC
340 Rosewood Ave, Ste K
Camarillo, CA 93010
cstoll@cmsapc.com

Rob Roy
Ventura County Agricultural Assoc.
916 W. Venture Blvd.
Camarillo, CA 93010
Rob-vcaa@pacbell.net

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
DEREK R. HAVEL, Cal. Bar No. 193464
dhavel@sheppardmullin.com
DAVID A. SCHWARZ, Cal Bar No. 159376
dschwarz@sheppardmullin.com
TYLER J. JOHNSON, Cal. Bar No. 307386
tjjohnson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:     213.620.1780
Facsimile:     213.620.1398

Attorneys for Defendants
FRESH HARVEST, INC. and SMD
LOGISTICS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARAMIENTO, and others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>FRESH HARVEST, INC., FRESH FOODS, INC., RAVA RANCHES, INC., and SMD LOGISTICS, INC.<br><br>              Defendants. | Case No. 5:20-cv-7974-BLF<br><br>**DEFENDANTS FRESH HARVEST, INC. AND SMD LOGISTICS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR RECORDS TO JEANNE MALITZ**<br><br>[Complaint Filed:  November 12, 2020] |

00016

-1-

Case No. 5:20-cv-7974-BLF

Defendants Fresh Harvest, Inc. and SMD Logistics, Inc. hereby object to Plaintiff Rigoberto Sarmiento's subpoena to Jeanne Malitz, as follows:

## OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

This subpoena seeks all documents in your possession, custody, or control concerning Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., and/or Rava Ranches, Inc., referring to the recruitment, hiring, processing or referral of workers for H-2A or H-2B visa positions from September 1, 2016 through December 31, 2020.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to this Request on the following grounds: it is overbroad and unreasonably burdensome; it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; it invades third party privacy rights; it requires the disclosure of trade secrets and confidential financial and other information of the responding parties; and it seeks documents protected by the attorney-client privilege and attorney work product doctrine.

### DOCUMENT REQUEST NO. 2:

Any and all invoices and payments for work that "you" performed or expenses "you" incurred for Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., and/or Rava Ranches, Inc., and any employees and agents of the foregoing individuals and entities. This request includes, but is not limited to, invoices for work that "you" performed preparing "job orders", scheduling visas, recruiting workers, obtaining bonds, paying visa reciprocity fees, paying immigration expenses, and other H-2A or H-2B services and any records, including those held by your bank, of payment for those services and expenses.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to this Request on the following grounds: it is overbroad and unreasonably burdensome; it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and it seeks documents protected by the attorney-client privilege and attorney work product doctrine.

1   **DOCUMENT REQUEST NO. 3:**

2        Any and all "documents" that "you" prepared and provided to any government entity or

3   other third-party as part of the application for "H-2A workers" or "H-2B workers" for employment

4   by any of the individuals or entities listed in Section 1, above, including any supporting

5   "documents" prepared for the application, bonds, recruitment reports, and any "correspondence"

6   regarding the application or the post application reporting. This request includes, but is not limited

7   to, "documents" and "correspondence" related to the preparation or recruitment for ETA Case

8   Numbers: H-300-20065-377835, H-300-19013-277890, H-300-20032-291586, H-300-18337-

9   574794, H-300-19013-277890, H-300-19252-773193, H-300-18274-039694, H-300-19273-

10  061569, and H-300-19134-606237.

11  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

12       Defendants object to this Request on the following grounds:  it is overbroad and

13  unreasonably burdensome; it seeks documents that are irrelevant and not reasonably calculated to

14  lead to the discovery of admissible evidence; it requires the disclosure of trade secrets and

15  confidential financial and other information of the responding parties; and it seeks documents

16  protected by the attorney-client privilege and attorney work product doctrine.

17  **DOCUMENT REQUEST NO. 4:**

18       Any and all "correspondence" between "you" and any government entity, third-party or

19  Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., Ag Data Global, LLC, and/or Rava

20  Ranches, Inc. regarding obtaining "H-2A workers," "H-2B Workers," visa processing,

21  immigration and travel expenses, or contracting as an H-2A or H-2B labor contractor.

22  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

23       Defendants object to this Request on the following grounds:  it is overbroad and

24  unreasonably burdensome; it seeks documents that are irrelevant and not reasonably calculated to

25  lead to the discovery of admissible evidence; it requires the disclosure of trade secrets and

26  confidential financial and other information of the responding parties; and it seeks documents

27  protected by the attorney-client privilege and attorney work product doctrine.

28

1   Dated:  June 7, 2021

2                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                   By   _____

5                                   DEREK R. HAVEL
                                    DAVID A. SCHWARZ
                                    TYLER J. JOHNSON

6

7                                   Attorneys for Defendants
                         FRESH HARVEST, INC. and SMD LOGISTICS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

***Rigoberto Saramiento, et al. v. Fresh Harvest, Inc., et al.***

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On June 7, 2021, I served true copies of the following document(s) described as **DEFENDANTS FRESH HARVEST, INC. AND SMD LOGISTICS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR RECORDS TO JEANNE MALITZ** on the interested parties in this action as follows:

| | |
|---|---|
| Dawson Morton | Attorneys for Plaintiff Rigoberto Saramiento |
| Santos Gomez | Tel No.:  (831) 228-1560 |
| Law Offices of Santos Gomez | Fax No.:  (831) 228-1542 |
| 1003 Freedom Boulevard | Email: dawson@lawofficesofsantosgomez.com |
| Watsonville, CA  95076 | santos@lawofficesofsantosgomez.com |
| | |
| Ana Toledo | Attorneys for Defendants |
| Lindsey Berg-James | Fresh Foods and Rava Ranches |
| Noland, Hamerly, Etienne & Hoss | Tel No.: (831) 424-1414 |
| A Professional Corporation | Fax No.: (831) 424-1975 |
| 333 Salinas Street | Email: atoledo@nheh.com |
| P.O. Box 2510 | lbergjames@nheh.com |
| Salinas, CA  93902 | |
| | |
| Jeanne Malitz, Malitzlaw, Inc. | Email: jmalitz@malitzlaw.com |
| 1295 Scott St | |
| San Diego CA 92106 | |

☒      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tjjohnson@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2021, at Los Angeles, California.

_____

**Tyler J. Johnson**

# EXHIBIT C

1  Jeanne M. Malitz
2  Malitzlaw, Inc.
   1295 Scott Street
3  San Diego, CA 92106

4  Phone: 619-269-6164
   Facsimile: 619-374-2809
5  jmalitz@malitzlaw.com

6  Bar No. 149159

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11  RIGOBERTO SARAMIENTO, AND OTHERS          Case No.: 5:20-cv-7974-BLV
    SIMILARLY SITUATED,
12
                   Plaintiff,                 **OBJECTIONS TO PLANTIFF'S SUBPOENA FOR
13                                            RECORDS TO JEANNE MALITZ**
    vs.
14                                            **[COMPLAINT FILED: NOVEMBER 12, 2020]**
    FRESH HARVEST, INC., FRESH FOODS, INC.,
15  RAVA RANCHES, INC., AND SMD LOGISTICS,
    INC.,
16
                   Defendants.
17

18         Jeanne M. Malitz Hereby objects to Plaintiff Rigoberto Sarmiento's subpoena to Jeanne Malitz, as

19  follows:

20                         **OBJECTIONS TO DOCUMENT REQUESTS**

21  **DOCUMENT REQUEST NO. 1:**

22         This subpoena seeks all documents in your possession, custody, or control concerning Fresh Harvest, Inc.,

23  Fresh Foods, Inc., and/or Rava Ranches, Inc., referring to the recruitment, hiring, processing or referral of workers

24  for H-2A or H-2B visa positions from September 1, 2016 through December 31, 2020.

25  **RESPONSE TO DOCUMENT REQUEST NO. 1:**

26         Jeanne M. Malitz objects to this Request on the following grounds: it is overboard and unreasonably

27  burdensome; it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

28  inadmissible evidence; it invades third party privacy rights; it requires the disclosure of trade secrets and

    confidential financial and other information of the responding parties; and it seeks documents protected by the

1  attorney-client privilege and attorney work product doctrine. Moreover, Malitzlaw, Inc. has never represented Fresh

2  Foods, Inc. or Rava Ranches, Inc.

3  **DOCUMENT REQUEST NO. 2:**

4        Any and all invoices and payments for work that "you" performed or expenses "you" incurred for Fresh

5  Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., and/or Rava Ranches, Inc., and any employees and agents of

6  the foregoing individuals and entities. This request includes but is not limited to, invoices for work that "you"

7  performed preparing "job orders", scheduling visas, recruiting workers, obtaining bonds, paying visa reciprocity

8  fees, paying immigration expenses, and other H-2A or H-2B services and any records, including those held by your

9  bank, of payment for those services and expenses.

10  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

11        Jeanne M. Malitz objects to this Request on the following grounds: it is overbroad and unreasonably

12  burdensome; it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

13  admissible evidence; and it seeks documents protected by the attorney-client privilege and attorney work product

14  doctrine. Moreover, Malitzlaw, Inc. has never represented Fresh Foods, Inc. or Rava Ranches, Inc.

15  **DOCUMENT REQUEST NO. 3:**

16        Any and all "documents" that "you" prepared and provided to any government entity or other third-party as

17  part of the application for "H-2A workers" or "H-2B workers" for employment by any of the individuals or entities

18  listed in Section 1, above, including any supporting "documents" prepared for the application, bonds, recruitment

19  reports, and any "correspondence" regarding the application or the post application reporting. This request includes,

20  but is not limited to "document" and "correspondence" related to the preparation or recruitment for ETA Case

21  Numbers H-300-20065-377835, H-300-19013-277890, H-300-20032-291586, H-300-18337- 574794, H-300-19013-

22  277890, H-300-19252-773193, H-300-18274-039694, H-300-19273- 061569, and H-300-19134-606237.

23  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

24        Jeanne M. Malitz objects to this Request on the following grounds: it is overboard and unreasonably

25  burdensome; it seeks document that are irrelevant and not reasonably calculated to lead to the discovery of

26  inadmissible evidence; it invades third party privacy rights; it requires the disclosure of trade secrets and

27  confidential financial and other information of the responding parties; and it seeks documents protected by the

28  attorney-client privilege and attorney work product doctrine. Moreover, Malitzlaw, Inc. is not in possession of any

documents pertaining to case numbers H-300-20032-291586, H-300-20065-377835, and H-300-18274-039694.

00023

**DOCUMENT REQUEST NO. 4:**

Any and all "correspondence" between "you" and any government entity, third party or Fresh Harvest, Inc., SMD Logistics, Inc., Fresh Foods, Inc., Ag Data Global, LLC and/or Rava Ranches, Inc. regarding obtaining "H-2A workers," "H-2B workers", visa processing, immigration and travel expenses, or contracting as an H-2A or H-2B labor contractor.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Jeanne M. Malitz objects to this Request on the following grounds: it is overboard and unreasonably burdensome; it seeks document that are irrelevant and not reasonably calculated to lead to the discovery of inadmissible evidence; it invades third party privacy rights; it requires the disclosure of trade secrets and confidential financial and other information of the responding parties; and it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Moreover, Malitzlaw, Inc. has never represented Fresh Foods, Inc. or Rava Ranches, Inc.

Dated this 14 of June 2021 by

Jeanne M. Malitz, Esq.

00024

PROOF OF SERVICE

*Rigoberto Sarmiento, et al. v. Fresh Harvest, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 1295 Scott Street, San Diego, CA 92106.

On June 14, 2021, I served true copies of the following document(s) described as **JEANNE M. MALITZ'S OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR RECORDS TO JEANNE MALITZ** on the interested parties in this action as follows:

Dawson Morton
Santos Gomez
Law Offices of Santos Gomez
1003 Freedom Boulevard
Watsonville, CA 95076

Attorneys for Plaintiff Rigoberto Saramiento
Tel No.: (831) 228-1560
Fax No.: (831) 228-1542
Email: dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

Sheppard, Mullin, Richter & Hampton LLP
A Limited Liability Partnership Including Professional Corporations
DEREK R. HAVEL, Cal. Bar No. 193464
dhavel@sheppardmullin.com
DAVID A. SCHWARZ, Cal Bar No. 159376
dschwarz@sheppardmullin.com
TYLER J. JOHNSON, Cal. Bar No. 307386
tjjohnson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Ana Toledo
Lindsey Berg-James
Noland, Hamerly, Ettiene & Hoss
A Professional Corporation
333 Salinas Street
PO Box 2510
Salinas, CA 93902

Attorneys for Defendants Fresh Foods and Rava Ranches
Tel No.: (831) 424-1414
Fax No.: (831) 424-1975
Email: atoledo@nheh.com lbergjames@nheh.com

Charley Stoll
Charley M. Stoll, APC
340 Rosewood Ave, Ste K
Camarillo, CA 93010
cstoll@cmsapc.com

Rob Roy
Ventura County Agricultural Assoc.
916 W. Venture Blvd.
Camarillo, CA 93010
Rob-vcaa@pacbell.net

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jmalitz@malitzlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to thepersons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the UnitedStates Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 14, 2021, at San Diego, California.

Jeanne M. Malitz, Esq.

00025

# EXHIBIT D

00026

1    Jeanne M. Malitz, SBN: 149159
     **MALITZLAW, INC.**
2    1295 Scott Street
     San Diego, California 92106
3    Telephone:    (619) 269-6150
     Facsimile:    (619) 374-2809
4    Email: jmalitz@malitzlaw.com

5    Attorney for Non-Party
     JEANNE MALITZ, MALITZLAW, INC.
6

7                **IN THE UNITED STATES DISTRICT COURT**

8            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN JOSE DIVISION**

10   RAUL MAGANA-MUNOZ and JOSE          Case No.: 5:20-cv-02087-EJD
     SANTIAGO HERRERA-VERA, others
11   similarly situated,                 **NON-PARTY JEANNE MALITZ,**
                                         **MALITZLAW, INC.'S OBJECTIONS TO**
12                Plaintiffs,            **SUBPOENA TO PRODUCE DOCUMENTS**
                                         **IN A CIVIL ACTION PURSUANT TO**
13   vs.                                 **FRCP 45**

14   WEST COAST BERRY FARMS, LLC, and
     RANCHO NUEVO HARVESTING, INC.,
15

16                Defendants.
                                         Complaint Filed: March 25, 2020
17                                       Trial: Not Yet Set

18
          TO:  RAUL  MAGANA-MUNOZ  and  JOSE  SANTIAGO  HERRERA-VERA,  others
19
     similarly situated, by and through their attorneys of record, Dawson Morton, Santos Gomez, and
20
     Maria Esmeralda Vizzusi, Law Offices of Santos Gomez, 1003 Freedom Boulevard, Watsonville,
21
     CA 95076.
22
          Jeanne Malitz, Malitzlaw, Inc. ("MALITZLAW") a non-party to this action, hereby serves
23
     these written objections to Plaintiffs' Subpoena to Produce Documents ("Subpoena") pursuant to
24
     Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, without waiving any further objection
25
     and/or assertions of privilege to any specific documents when or if such documents are identified:
26
                              **GENERAL OBJECTIONS**
27
     1.  MALITZLAW objects to the Subpoena as it fails to allow reasonable time to comply in
28
                                                                              00027
                                          1
     Jeanne Malitz, Malitzlaw Inc.'s Objection to Subpoena            Case No. 5:20-cv-02087-EJD

light of the scope of the requests.

2.   MALITZLAW objects to the extent the Subpoena requests are inconsistent with, or enlarge upon, obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the Court.

3.   MALITZLAW objects to the Subpoena to the extent it requests materials shielded from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.  MALITZLAW's response to the Subpoena, if any, does not waive, and may not be construed as waiving, any applicable objection, privilege, or protection.  Inadvertent disclosure of information subject to a claim of privilege or protection is not, and may not be deemed, a waiver of that privilege or protection.

4.   MALITZLAW objects to the Subpoena requests to the extent they are duplicative, overbroad, cumulative, vague or ambiguous as to the scope of what they seek, or unduly burdensome to answer.

5.   MALITZLAW objects to the Subpoena to the extent it seeks information or materials not in MALITZLAW's possession, custody, or control, are equally available to Plaintiffs from other sources, including from parties to the litigation, public sources, and/or obtainable from other sources through means that are more convenient, more efficient, more practical, less burdensome, or less expensive.  MALITZLAW should not be required to search for any documents unless and until Plaintiffs can demonstrate that they have exhausted their efforts to obtain copies of these documents from parties to this action.  MALITZLAW objects to this Subpoena because it imposes an undue burden on a non-party.

6.   MALITZLAW objects to the Subpoena to the extent it seeks production of confidential, commercially sensitive trade secrets and proprietary information.  MALITZLAW also objects to the Subpoena to the extent it seeks materials containing private and confidential information about third parties whose privacy interests are protected by federal law and/or the California Constitution, or that MALITZLAW has a legal or contractual obligation not to disclose, which privacy or other non-disclosure obligations are not alleviated through a proper protective order.

7.   MALITZLAW objects to the Subpoena to the extent it exceeds the permissible scope of discovery, which requires that discovery be relevant to any party's claims or defense and

2

proportional to the needs of the case.

8.  MALITZLAW's responses herein and/or any election to produce materials in response to the Subpoena, notwithstanding its objectionable nature, is not, and may not be construed as: (a) an acceptance or admission of the factual assertions or purported descriptions in the Subpoena; (b) an admission that any requested information or documents exist; (c) an agreement that requests for similar information or documents will be treated in a similar manner; (d) a waiver of MALITZLAW's right to object to the use of any information or documents provided in response to this Subpoena at any trial, evidentiary hearing, or other proceeding on grounds of privilege, relevance, materiality, authenticity, hearsay or any other ground permitted by any applicable law or rule.

9.  MALITZLAW specifically reserves the right to supplement and/or revise its objections and responses at any time if it becomes necessary or appropriate to do so.

10. The foregoing General Objections are incorporated by reference into each response stated below as though fully set forth in the response, regardless of whether the General Objections are repeated herein.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

Any and all invoices and payments for work that "you" performed or expenses "you" incurred for Rancho Nuevo Harvesting, Inc., West Coast Berry Farm, LLC; Jessica Manriquez, or Bobby Jones, and any employees and agents of the foregoing individuals and entities. This request includes, but is not limited to, invoices for work that "you" performed preparing "job orders", scheduling visas, recruiting workers, obtaining bonds, paying visa reciprocity fees, paying immigration expenses, and other H-2A services and any records, including those held by your bank, of payment for those services and expenses.

**OBJECTION TO REQUEST NO. 1:**

MALITZLAW objects to this request as it is overly broad and unduly burdensome as to scope, including the time and subject matter of this request.  MALITZLAW objects to this request as it seeks items that are not relevant to the subject matter of this action, not reasonably calculated

1  to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

2  MALITZLAW objects to this request to the extent that it seeks documents protected by the

3  attorney-client privilege and/or attorney-work product privilege. MALITZLAW further objects to

4  this request because the terms or phrases "scheduling visas," "recruiting workers," "obtaining

5  bonds," "paying visa reciprocity fees," "paying immigration expenses," "other H-2A services,"

6  and "bank, of payment for those services and expenses" are undefined and are vague and

7  ambiguous. MALITZLAW objects to this request to the extent that it seeks "documents" related

8  to the undefined and vague and ambiguous phrase "bank, of payment for those services and

9  expenses" of MALITZLAW as such information is not proportional to the needs of the case and

10  seeks private information of MALITZLAW that far outweighs the need for such information.

11  MALITZLAW objects to this request on the grounds that it seeks information that is confidential,

12  proprietary, or constitute trade secrets.

13  **REQUEST NO. 2:**

14       Any and all "documents" that "you" prepared and provided to any government entity or

15  other third-party as part of the applications for "H-2A Workers" for employment by any of the

16  individuals listed in Section 1, above, including any supporting "documents" prepared for the

17  application, bonds, recruitment reports, and any "correspondence" regarding the application or the

18  post application reporting. This request includes, but is not limited to, "documents" and

19  "correspondence" related to the preparation or recruitment for ETA Case Numbers: "H_-300-

20  18067-113093", "H_-300-18121-145230", and "H-300-18044-616620."

21  **OBJECTION TO REQUEST NO. 2**:

22       MALITZLAW objects to this request as it is overly broad and unduly burdensome as to

23  scope, including the time and subject matter of this request. MALITZLAW objects to this request

24  as it seeks items that are not relevant to the subject matter of this action, not reasonably calculated

25  to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

26  MALITZLAW objects to this request to the extent that it seeks documents protected by the

27  attorney-client privilege and/or attorney-work product privilege. MALITZLAW further objects

28  that this request because the terms or phrases "bonds", "recruitment reports", "post application

1  reporting", and "ETA Case Numbers: 'H_-300-18067-113093', 'H_-300-18121-145230', and 'H-
2  300-18044-616620'" are vague, ambiguous and undefined. MALITZLAW objects to the
3  Subpoena to the extent it seeks information or materials not in MALITZLAW's possession,
4  custody, or control, are equally available to Plaintiffs from other sources, including from parties
5  to the litigation, public sources, and/or obtainable from other sources through means that are more
6  convenient, more efficient, more practical, less burdensome, or less expensive. MALITZLAW
7  should not be required to search for any documents unless and until Plaintiffs can demonstrate that
8  they have exhausted their efforts to obtain copies of these documents from parties to this action.
9  MALITZLAW objects to this Subpoena because it imposes an undue burden on a non-party.
10 MALITZLAW further objects to this request on the grounds that it seeks information that is
11 confidential, proprietary, or constitute trade secrets. MALITZLAW objects to this request on the
12 grounds that it seeks the personal and private information of third parties protected by federal law
13 and/or the California Constitution.

14 **REQUEST NO. 3**: Any and all "correspondence" between "you" and government entity, third-
15 party or West Coast Berry Farms, LLC or Bobby Jones regarding obtaining "H-2A workers," visa
16 processing, immigration and travel expenses, or contracting as an H-2A labor contractor.

17 **OBJECTION TO NO. 3**:

18      MALITZLAW objects to this request as it is overly broad and unduly burdensome as to
19 scope, including the time and subject matter of this request. MALITZLAW objects to this request
20 as it seeks items that are not relevant to the subject matter of this action, not reasonably calculated
21 to lead to the discovery of admissible evidence, and not proportional to the needs of this case.
22 MALITZLAW objects to this request to the extent that it seeks documents protected by the
23 attorney-client privilege and/or attorney-work product privilege. MALITZLAW further objects to
24 this request because the terms or phrases "government entity", "third party", "visa processing",
25 and "immigration and travel expenses" are undefined and vague and ambiguous. MALITZLAW
26 objects to the Subpoena to the extent it seeks production of confidential, commercially sensitive
27 trade secrets and proprietary information. MALITZLAW also objects to the Subpoena to the
28 extent it seeks materials containing private and confidential information about third parties whose

5

privacy interests are protected by federal law and/or the California Constitution, or that MALITZLAW has a legal or contractual obligation not to disclose, which privacy or other non-disclosure obligations are not alleviated through a proper protective order. MALITZLAW objects to this request to the extent that it seeks private financial information of MALITZLAW as such information is not proportional to the needs of the case. MALITZLAW objects to the Subpoena to the extent it seeks production of confidential, commercially sensitive trade secrets and proprietary information. MALITZLAW objects to this request on the grounds that it seeks the personal and private information of third parties protected by federal law and/or the California Constitution.

DATED: *July 30, 2020*

By: _____
JEANNE MALITZ
Attorney for Non-Party
Jeanne Malitz, Malitzlaw, Inc.

00032

# EXHIBIT E

00033



Home Page
About Us
Services
Immigration Links
Contact Us
Client Login

# Services

**Labor Certification and Immigrant Visa Processing**

Extraordinary Ability Arts, Sciences, Business, Athletics, Education
National Interest Waiver
Multinational Executives
Outstanding Researchers
PERM Labor Certification
Family-Based Petitions
Adjustment of Status (Green Card) including Family based
Consular Processing

**Nonimmigrant**

Intra-company transfers (L visa)
Professionals and workers in specialty occupations (H-1B visa)
Extraordinary Ability (O visa)
NAFTA (TN visa)
H-2A Processing
Treaty Investors and Traders (E visa)

**Citizenship & Naturalization**

I-9 counseling and Compliance
Special Border and Admissions Issues

---

Malitzlaw, Inc.
1295 Scott Street, San Diego, CA 92106
Tel: 619-269-6164 | Fax: 619-374-2809 | info@malitzlaw.com

---

Home Page | About Us | Services
Work With Us | Immigration Links | Contact Us

Web Design and Updates by Griffin Web Design

00034