UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SARAMIENTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH HARVEST, INC., et al.,<br><br>Defendants. | Case No. 20-cv-07974-BLF   (SVK)<br><br>**ORDER ON JOINT DISCOVERY LETTER BRIEF RE PLAINTIFFS' SUBPOENAS TO VERIZON WIRELESS AND AT&T**<br><br>Re: Dkt. No. 68 |

Before the court is the Parties' discovery dispute at Dkt. 68 regarding subpoenas served on Verizon and AT&T for call data information for Leticia Ridaura, an officer of defendant Fresh Harvest and Oscar Ramos, the dispatch manager for defendants Fresh Harvest and SMD. Defendants Fresh Harvest and SMD object to the subpoenas as improper and an invasion of privacy. Plaintiff Sarmiento claims that the information sought is relevant because both individuals contacted him and other drivers regardless of whether the drivers were nominally employed by defendants Fresh Harvest, SMD Logistics, Fresh Foods, or Rava Foods. Plaintiff further argues that as limited, the subpoenas do not present an invasion of privacy.

The Court held a hearing on August 10, 2021. At the hearing, the Court expressed concerns regarding the subpoenas' overbreadth and the potential for invasion of the privacy of the individuals whose cell phone information is sought. The Court overrules defendants' other objections. Upon further consideration of the arguments of counsel and relevant case law, the Court finds that the subpoenas are properly limited to call data only and that as such, they do not implicate rights to privacy. Based upon the proffer of counsel both in the papers and at the hearing, the Court finds that the information sought is relevant to joint employer status, a central issue in the pending motion for summary judgment.

In sum, Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.

Fed. R. Civ. P. 45. "The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules . . . ." Advisory Committee Notes to Rule 45.  Federal law also supports the Court's conclusion that the disclosure of telephone numbers, along with the date, time, and duration of calls, does not represent a significant intrusion of privacy.  Indeed, the Supreme Court has held that individuals have no expectation of privacy in outgoing telephone numbers because "[a]ll telephone users realize that they must 'convey' phone numbers to the telephone company" and that "the phone company has facilities for making permanent records of the numbers they dial." *Smith v. Maryland,* 442 U.S. 735, 742, 99 S. Ct. 2577, 61 L.Ed.2d 220 (1979).  The Ninth Circuit has similarly held that individuals also have no expectation of privacy in incoming telephone numbers and related phone records. *See, e.g., United States v. Reed,* 575 F.3d 900, 914 (9th Cir.2009).

Accordingly, Plaintiff and the third parties may proceed with the production of records sought pursuant to the subpoenas.

**SO ORDERED.**

Dated: August 11, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge