UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SARAMIENTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH HARVEST, INC., et al.,<br><br>Defendants. | Case No. 20-cv-07974-BLF  (SVK)<br><br>**ORDER FOLLOWING SEPTEMBER 3, 2021 STATUS CONFERENCE RE PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION RE CLASS COMMUNICATIONS**<br><br>Re: Dkt. No. 88, 91 |

On August 25, 2021, Defendants Fresh Harvest and SMD Logistics filed a motion regarding communications between Plaintiffs' counsel and prospective class members. Dkt. 88 (the "Motion"). Judge Freeman referred the Motion to the undersigned. Dkt. 89. Plaintiffs' opposition to the Motion is currently due September 8, 2021, the moving Defendants' reply is due September 15, 2021, and a hearing is scheduled for September 22, 2021. *See* Dkt. 90.

On August 30, 2021, Plaintiffs filed a motion seeking an extension of time to respond to the Motion, to allow them an opportunity to conduct discovery and accommodate other deadlines in the case. Dkt. 91. Because of the relief sought, the Court held a status conference by Zoom on September 3, 2021. *See* Dkt. 92. As discussed at the status conference, in consideration of the current briefing before the Court and arguments of counsel, the Court **ORDERS** as follows:

1. By **September 10, 2021**, Defendants must produce any documents in the possession of any Defendant or defense counsel that corroborate statements in the declarations submitted in support of the Motion.

2. By **close of business today, September 3, 2021,** Plaintiffs must file a notice stating which of the following options they select for briefing and hearing on the

Motion:

    a. **Option 1:** Plaintiffs' opposition due September 15, 2021; reply due September 22, 2021; hearing on September 29, 2021 at 9:30 a.m.; or

    b. **Option 2:** Parties to meet and confer on an extended briefing schedule with a hearing on December 16, 2021 or January 6, 2022.  Any briefing schedule must set a deadline for the reply brief at least 7 days before the hearing.

3. If and only if Plaintiffs select Option 2, the following apply:

    a. By **September 10, 2021**, Plaintiffs may serve requests for production of communications between Defendants and/or defense counsel and prospective class members.

    b. By **September 24, 2021,** Defendants must serve responses and produce documents in response to Plaintiffs' document requests.

    c. Any depositions of persons who submitted declarations in support of the Motion will take place **the week of November 8, 2021.**  The depositions may proceed by video.

    d. All initial communications between counsel for any party and any prospective class member in the period before the Court decides the Motion must comply with the following guidelines:

        i. Counsel will not promise any results from this litigation.

        ii. Counsel will terminate the conversation with any prospective class member who indicates he or she is not interested in speaking with counsel and will not contact that person again.

        iii. Counsel will provide a brief and neutral description of the claims made in the case, including a statement that Defendants deny the claims.  The language of this case description is to be the subject of a good faith meet and confer between the parties.  This provision in no way limits what else counsel may say to the prospective class member.

   iv. Counsel must state that the prospective class member may contact the other side. In communications by defense counsel, the prospective class member must be provided with contact information for Plaintiffs' counsel.

These guidelines are provided to address the allegations as referenced in the declarations filed in support of the Motion. Dkt. 88-2. Plaintiffs deny and disclaim all such allegations of inappropriate conduct. Consequently, the guidelines are provided solely to allow sufficient time for Plaintiffs to conduct requested discovery (Dkt. 91) on the timeline set forth in Option 2 above. As stated on the record at the hearing, the guidelines apply to all counsel for all initial communications with putative class members during the pendency of the Motion, and Plaintiffs' adoption of the guidelines is neither a validation nor an admission of the alleged conduct.

**SO ORDERED.**

Dated: September 3, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

3