UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SARAMIENTO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FRESH HARVEST, INC., et al.,<br><br>  Defendants. | Case No. 20-cv-07974-BLF   (SVK)<br><br>**ORDER FOLLOWING SEPTEMBER 8, 2021 DISCOVERY HEARING**<br><br>Re: Dkt. No. 97 |

The Court held a discovery hearing by Zoom on September 8, 2021 on discovery issues arising out of the August 31, 2021 document production by Defendants Fresh Harvest and SMD, as outlined in the Parties' September 3, 2021 submission (Dkt. 97). As discussed at the hearing, after considering the briefing currently before the Court and arguments of counsel, the Court **ORDERS** as follows:

### A. Defendants' Document Production Format

Unless the Parties agree otherwise, documents must be produced electronically in native format if that is how they are kept in the ordinary course of business. If necessary, Defendants must retain outside technical support to comply with the production requirements and deadlines set forth in this Order.

### B. Fresh Harvest's Production: Supplemental Searches

For all supplemental searches ordered below, Defendants are to conduct further searches that comply with the requirements of Federal Rules of Civil Procedure and the rules of this Court and that reflect a good faith and diligent search. Additional responsive documents, if any, are to be produced by **September 13, 2021**. Also by **September 13, 2021**, Defendants must provide a declaration(s) verifying that a reasonable and diligent search has been conducted according to the rules and explaining how the searches were conducted. The declaration must describe the

searches in sufficient detail to enable the Court to confirm that the searches comply with this Order. For example, where a category of documents is stored in a specific location, the declaration must identify the location and describe how that location was searched for responsive documents (*i.e.*, by search terms, by dates). If a category of documents is in the possession of a custodian or custodians, the declaration must identify the likely custodians and how the relevant files were searched. The foregoing are not exhaustive instructions but are merely exemplars of the level of detail required to meet the Defendants' burden of demonstrating that reasonable and diligent searches have been conducted.

### 1. Issue 1: Job Orders and Related Contracts, Payments, and Communications (RFP No. 1)

The Court's previous order at Dkt. 77-1 sets forth the scope of production, which does not include job orders. Defendant to conduct a supplemental search that complies with this Order.

### 2. Issue 2: Documents re Formation or Operation of Farm Labor Association for Growers (RFP No. 2)

The Court's previous order at Dkt. 77-1 sets forth the production requirements. Defendant to conduct a supplemental search that complies with this Order.

### 3. Issue 3: Records of Payments to Drivers (RFP No. 3)

Defendant to conduct a supplemental search that complies with this Order. Defendant must produce documents in the possession, custody, or control of Fresh Harvest and/or SMD sufficient to show payment by any source to any driver during the relevant time period. At a minimum, records to be produced must reflect who was paid, by whom, and the date of payment.

### 4. Issue 4: Log Books (RFP No. 5)

The Parties have met and conferred. If Defendant has not located such documents following a diligent search, Defendant must provide a verified supplemental response by close of business **September 9, 2021**.

### 5. Issue 5: Records Identifying Supervisors, Dispatchers, and Mechanics (RFP No. 9)

The Parties have met and conferred. If Defendant has not located such documents following a diligent search, Defendant must provide a verified supplemental response by close of

business **September 9, 2021**.

      **6.**      **Issue 6:  Application for Farm Labor Contracting License (RFP No. 14)**

The Parties have met and conferred.  Defendant has located responsive documents and must produce them by close of business **September 9, 2021**.

      **7.**      **Issue 7:  Separation Notices for All Drivers (RFP No. 16)**

If the response is that Defendant has not located such documents following a diligent search, Defendant must provide a verified supplemental response by close of business **September 9, 2021**.  If Defendant has not yet conducted a diligent search as directed by this Order, then Defendant must conduct a supplemental search that complies with this Order on the deadline noted above.

      **8.**      **Issue 8:  Communications re Release or Waiver of Claims of Any Driver (RFP Set Two, Request No. 1)**

Defendant to conduct a supplemental search that complies with this Order.

**C.**      **SMD's Production**

      **1.**      **Issue 1:  Job Orders and Related Contracts, Payments, and Communications (RFP No. 1)**

See order on corresponding issue above.

      **2.**      **Issue 2:  Records of Payments to Drivers (RFP No. 2)**

See order on corresponding issue above.

      **3.**      **Issue 3:  Log Books (RFP No. 4)**

See order on corresponding issue above.

      **4.**      **Issue 4:  WhatsApp Communications (RFP No. 9)**

Documents to be produced in native format by **September 13, 2021**.  As directed above, if necessary, Defendant must retain outside technical support to comply with this production requirement.

      **5.**      **Issue 5:  Communications re Release or Waiver of Claims of Any Driver (RFP Set Two, Request No. 1)**

See order on corresponding issue above.

### D. Scheduling Issues

If there are any disputes regarding the supplemental productions or the declaration(s) that are the subject of this Order, the Parties must meet and confer promptly, robustly and in good faith. Any issues that cannot be resolved may be raised in a joint brief not exceeding 5 pages by **noon on September 17, 2021**.

Depositions will be permitted on 4 days' notice. Depositions may take place on the weekends if necessary. The Court expects the Parties to work cooperatively to avoid surprise and accomplish the orderly completion of depositions. Depositions will be completed by **October 10, 2021**, in light of the October 15, 2021 due date for Plaintiffs' opposition to Defendants' summary judgment motion.

**SO ORDERED.**

Dated: September 9, 2021

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge