UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SARMIENTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH HARVEST, INC., et al.,<br><br>Defendants. | Case No. 20-cv-07974-BLF   (SVK)<br><br>**ORDER DENYING MOTION TO LIMIT CONTACT WITH PUTATIVE CLASS MEMBERS**<br><br>Re: Dkt. No. 88 |

In this putative class action, Plaintiffs allege that Defendants Fresh Harvest, Inc. and SMD Logistics, Inc. violated employees' right to receive prevailing wages and equal pay under their employment agreement, the H-2A visa, and California employment law. Dkt. 53 (First Amended Complaint). Now before the Court is Defendants' motion to limit communications with putative class members. Dkt. 88 (the "Motion"). Specifically, Defendants seek (1) to limit Plaintiffs and counsel to court-approved contact with putative class members; (2) a curative notice to the putative class; and (3) sanctions associated with the Motion. *Id.* Judge Freeman referred the Motion to the undersigned. Dkt. 89. For the reasons stated on the record at the hearing and summarized below, Defendants' motion is **DENIED**.

I.   **RELEVENT FACTUAL BACKGROUND**

In support of the Motion, Defendants filed five declarations: Norberto Mendivil Marron, dated June 21, 2021; Eduardo Jamarillo Valladres, dated June 4, 2021; Angel Rincon Castro, dated June 26, 2021; Angel David Silva Gonzalez, dated June 9, 2021; and Humberto Garcia Zarate, dated June 8, 2021. Dkt. 88-2; collectively, "Declarants." Only two of the Declarants were produced for deposition, Mendivil Marron and Rincon Castro. Dkt. 144-3; 144-10. Declarant Silva Gonzalez retracted his declaration in support of Plaintiffs' opposition to the Motion. Dkt. 142.

Based upon representations of counsel in the record, all of the Declarants reside in Mexico, and all but one declaration was signed in Mexicali, Mexico. Dkt. 88-2. Because each declaration

1   was submitted in both Spanish and English, it is reasonable to infer none of the Declarants are
2   native English speakers.  Each of the Declarants has worked for Defendants in the past during
3   various time periods (Dkt. 88-2), and given the seasonal nature of the work, it is reasonable to
4   infer that any one of the Declarants may work for Defendants in the future.  The record also
5   reflects that two of the Declarants, Jamarillo Valladres and Norberto Mendivil, are either currently
6   or recently employed by Harvest Tek de Mexico, an affiliate of Defendant Fresh Harvest, Inc.
7   Cervantez Decl. Ex. D (Rincon Dep. 44:4-47:15, stating Mr. Jaramillo was current Harvest Tek
8   employee); Ex. 102 (Harvest Tek is affiliate of Fresh Harvest); Cervantez Decl. Ex. C (Mendivil
9   Dep. 17:9-18:1, 20:21-21:6, 37:2-15, 38:10-39:3).

10         Each of the Declarants was approached by Defendants in the past year and offered a
11   monetary settlement in exchange for releasing claims that form the basis of the underlying
12   litigation, and each Declarant accepted the settlement offer and signed a settlement agreement.
13   Dkt. 144-4, 144-12, 144-17, 144-18, 144-19.  Three of the five Declarants (Jamarillo Valladres,
14   Rincon Castro, and Silva Gonzalez) signed their settlement agreements around the same time as
15   they signed their declarations in support of the Motion.  *Compare* Dkt. 88-2; 144-12; 144-17; 144-
16   19.  Rincon Castro signed both documents on the very same day, June 26, 2021.  Dkt. 88-2; Dkt.
17   144-12.

18         The declarations, in sum, purport to detail unsolicited and harassing contact by Plaintiff
19   attorney Dawson Morton, allegedly promising sums of money if the Declarant joined the
20   underlying litigation.  Dkt. 88-2 at 3, 7, 11, 15, 19.  Mr. Morton denies speaking with Declarants
21   Rincon Castro, Silva Gonzalez, or Garcia Zarate prior Defendants' Motion.  Dkt. 143 ¶¶ 23, 29,
22   34.  Morton acknowledges speaking with Mendivil Marron and Jamarillo Valladres during the
23   course of his pre-suit investigation.  Dkt. 143 ¶¶ 39, 44.

24         Finally, the Court notes that Defendants acknowledge in papers and at the hearing that the
25   Declarants' statements were passed through an interested party, a representative of Defendant, to
26   counsel who then drafted the declarations.  Defense counsel had no contact with the Declarants.
27   Dkt. 149-1 ¶ 4.
28

2

## II. LEGAL ANALYSIS

Contact with putative class members as part of a pre-suit investigation is not prohibited. *Parris v. Superior Court*, 109 Cal.App.4th 285, 297–300, 135 Cal. Rptr. 2d 90 (2003). Further, it is well established that any limitation on contact with putative class members must be based upon a "clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard,* 452 US 89, 101-102 (1981). A limitation may not be based upon a "mere possibility of abuse." *Id*. at 104. Here, the record is not sufficiently clear to allow the Court to make the requisite specific findings to limit contact.

Of the five Declarants, only two were produced for deposition. Though counsel quarrel over the effort made by the other side to procure depositions, ultimately, it is Defendants' burden to provide the Court with a "clear record." Here, the record, predominantly made up of the declarations, is not sufficient. First, the Declarants are not native English speakers. Although translations of the declarations are provided, the Motion turns on nuanced phrases which are not well served by these declarations. For example, as noted above, the Declarants assert that Mr. Morton promised them specific payments. Mr. Morton acknowledges that in speaking with putative class members, he may provide an estimate of damages; he denies ever having guaranteed results or promised recovery of specific amounts. Dkt. 143 ¶ 19. What were the specific conversations that took place in this case? Recitations by non-native English speakers of a conversation that took place either in English or in Spanish with a non-native Spanish speaker, which were then passed through a Defendant (an interested party) to counsel, are not "clear" evidence. In light of these barriers, at a minimum Defendants should have ensured that all five Declarants were available for deposition and, if necessary, an evidentiary hearing.

The Court is further troubled by the fact that Defendants characterize the Declarants as "former employees" *(see, e.g.*, Dkt. 88-1 at 6) when their work history (Dkt. 88-2) and the nature of the work suggests that they are in fact periodic employees. Moreover, it is undisputed that Declarants Mendivil Marron and Jaramillo Valladres are currently employed by HarvestTek, an affiliate of Defendant Fresh Harvest. Dkt. 149 at 7, 10. Courts have long recognized the inherent

susceptibility to coercion that an employer exercises over an employee, and the facts of this case raise that concern here. *See Mevorah v. Wells Fargo Home Mortgage, Inc.,* No. 05–1175, 2005 WL 4813532, at*4 (N.D. Cal. Nov. 17, 2005) (Patel, J.) (holding that even accepting the defendant's version of the facts, "it is still reasonable to assume that an employee would feel a strong obligation to cooperate with his or her employer in defending against a lawsuit.").

Of even greater concern to the Court is that Defendants failed to acknowledge in their moving papers that Defendants had entered into settlement agreements with each Declarant in just the past year. The existence of all five settlements and the precipitous timing of at least three undermines the credibility of all five declarations. Similarly, the retraction of Silva Gonzalez coupled with Defendants' efforts to rehabilitate Silva Gonzalez's original statement completely undermine that Declarant and infect the credibility of each of the declarations before the Court.

As noted above, two of the Declarants, Mendivil Marron and Rincon Castro, were deposed. Dkt. 144-3; 149-1, Ex. M; Dkt. 144-10; 149-1, Ex. O. In deposition, the witnesses largely corroborated the statements made in their declarations, yet in this case the evidence is not made any more "clear" by appearing in deposition. The concerns regarding language barriers in the purported conversations between the deponents and Mr. Morton, the handling of the deponent's statements by the employer-Defendants, and the fact of settlement payments from the employer-Defendants to the deponents continue to undermine the evidence. Indeed, the depositions further highlight the credibility concerns raised above. For example, Declarant Castro Rincon readily admits that he did not understand the nature of the settlement documents that he signed or of the payments he received from Fresh Harvest (Dkt. 144-10 at 49, 51) which similarly serves to undermine his understanding of his declaration, which he signed on the same day as the settlement agreement.

Under similar circumstances, courts routinely deny motions to limit contact with putative class members.

> Given the credibility concerns, the Court questions whether the statements included in [the] Declaration[s] could withstand closer scrutiny in a deposition or cross-examination at an evidentiary hearing. Since the evidence submitted is weak and a number of material facts are disputed**,** the Court is left with only a "mere possibility of abuse."

*Hernandez v. Best Buy Stores, L.P.*, No. 13cv2587-JM (KSC), 2015 WL 7176352, at *11 (S.D. Cal. Nov. 13, 2015). Here, the evidence does not satisfy the standard set forth in *Gulf Oil*; the "mere possibility" of abuse is not sufficient. Accordingly, as set forth in detail on the record, the motion is **DENIED** and the Court's previous order limiting contact with putative class members (Dkt. 94) is lifted.

### III.   EVIDENTIARY OBJECTIONS

Plaintiffs object to two documents proffered in the Opposition. Dkt. 150. As to Exhibit G, the objection is **sustained**. As to Exhibit H, the objection is **overruled as moot** as the Court finds that Declarant Silva Gonzalez is not credible for the reasons stated on the record and therefore did not consider Exhibit H.

**SO ORDERED.**

Dated: December 16, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge