UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FRESH HARVEST, INC.,, et al., <br><br> Defendants. | Case No. 20-cv-07974-BLF <br><br> **ORDER DENYING MOTION FOR ISSUANCE OF FEDERAL RULE OF CIVIL PROCEDURE 54(B) JUDGMENT; GRANTING MOTION FOR CERTIFICATION FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. 1292(B)** <br><br> [Re: ECF No. 154] |

Before the Court is Defendants Fresh Harvest, Inc. and SMD Logistics, Inc.'s ("Fresh Harvest") Motion for Issuance of Federal Rule of Civil Procedure 54(b) Judgment or, in the Alternative, Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Fresh Harvest seeks a Rule 54(b) judgment or certification for interlocutory review regarding the Court's Order Granting Plaintiff Gustavo Luevano-Vaca's Motion to Dismiss Defendants Fresh Harvest, Inc. and SMD Logistics, Inc.'s Counterclaim with Prejudice (the "Order"), filed on December 1, 2021. In the Order, the Court dismissed Fresh Harvest's counterclaim based on a settlement agreement releasing H-2A worker Luevano-Vaca's claims against Fresh Harvest, since the Court found it was prohibited under 29 C.F.R. § 501.5, which voids any agreement by an H-2A worker waiving or modifying any rights unless supervised by the Secretary of Labor or "in settlement of private litigation."

Finding Fresh Harvest's motion appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b), the Court VACATES the April 21, 2022 hearing. Based on the below reasoning, the Court DENIES Fresh Harvest's motion for issuance of a Rule 54(b) judgment

and GRANTS Fresh Harvest's motion for certification of the Order for interlocutory review under 28 U.S.C. § 1292(b).

## I. BACKGROUND

Plaintiff Rigoberto Sarmiento filed this employment class action on November 12, 2020 as the sole named plaintiff. *See* Complaint, ECF No. 1. On June 11, 2021, an amended complaint was filed joining Luevano-Vaca, a former H-2A worker for Fresh Harvest. *See* First Amended Complaint ("FAC"), ECF No. 53. In its Answer, Fresh Harvest asserted a counterclaim against Luevano-Vaca, alleging that in joining the present action, Luevano-Vaca breached a settlement agreement releasing all claims against Fresh Harvest he had signed while a putative class member to Sarmiento's action. *See* Answer, ECF No. 59 at 31–33. Luevano-Vaca moved to dismiss Fresh Harvest's counterclaim, arguing that the settlement was void because it violated 29 C.F.R. § 501.5 of the H-2A regulations. *See* Motion to Dismiss, ECF No. 66. 29 C.F.R. § 501.5 prohibits seeking an agreement with an H-2A worker that would waive or modify his or her rights under the H-2A regulations, except if supervised by the Secretary of Labor or "in settlement of private litigation." 29 C.F.R. § 501.5. Fresh Harvest opposed Luevano-Vaca's motion, arguing that (1) class action defendants are permitted to settle claims with putative class members under California law and (2) 29 C.F.R. § 501.5 only prohibits prospective waivers—not a release of claims based on past conduct like Luevano-Vaca's settlement agreement. *See* Opposition to Motion to Dismiss, ECF No. 69.

The Court granted Luevano-Vaca's motion to dismiss. *See* Order, ECF No. 147. The Court found that since it was signed before Luevano-Vaca joined this action, the settlement agreement, which waived Luevano-Vaca's rights under the H-2A regulations, was not "in settlement of private litigation" and therefore prohibited by 29 C.F.R. § 501.5. *See id.* at 6. Accordingly, the Court found the settlement agreement between Luevano-Vaca and Fresh Harvest void and dismissed Fresh Harvest's counterclaim with prejudice. *See id.* at 16.

Fresh Harvest now moves for the Court to (1) issue a Rule 54(b) judgment as to its counterclaim or (2) certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). The Court

considers each request in turn.

## II. DISCUSSION

### A. Rule 54(b) Judgment

Fresh Harvest argues that the Court should enter final judgment as to its counterclaim against Luevano-Vaca under Federal Rule of Civil Procedure 54(b). *See* Motion, ECF No. 154-1 at 4–6. In determining whether to enter final judgment under Rule 54(b), the Court first must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). That is, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted). Second, "the district court must go on to determine whether there is any just reason for delay," because "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* at 8.

Fresh Harvest argues that since the Order ultimately disposed of its counterclaim, and since it presents a pure question of law the resolution of which may be delayed years if this costly class action moves forward, a final judgment under Rule 54(b) is appropriate. *See* Motion, ECF No. 154-1 at 4–6. While Plaintiffs do not dispute that "final judgment" has been rendered on Fresh Harvest's counterclaim, Plaintiffs argue that a Rule 54(b) judgment is unwarranted because such judgments are disfavored; Fresh Harvest can only point to the costs of ordinary litigation; and the issues in the Order are intertwined with remaining issues in the case. *See* Opposition, ECF No. 155 at 4–8.

The Court agrees with Plaintiffs. While there is no dispute that the Order was a "final judgment" as to the counterclaim against Luevano-Vaca, the Court is not convinced that this is an "unusual case" where a Rule 54(b) judgment is justified. *See Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (citation omitted). The Ninth Circuit disfavors Rule 54(b) judgments, and the Court agrees with Plaintiffs that Fresh Harvest can merely point to the ordinary costs of class action litigation in support of its motion. *See Morrison-Knudsen*

1  *Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879,
2  882–883 (9th Cir. 2005).

3  Accordingly, the Court DENIES Fresh Harvest's motion for issuance of a Rule 54(b)
4  judgment.

**B.     Certification for Interlocutory Review – 28 U.S.C. § 1292(b)**

In the alternative, Fresh Harvest argues that the Court should certify the Order for interlocutory review pursuant to 28 U.S.C. § 1292(b). *See* Motion, ECF No. 154-1 at 6–8. A district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of the order will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

Fresh Harvest argues that the first and third factors favor certification because resolving an appeal of the Order could advance the termination of the litigation as to Luevano-Vaca. *See* Motion, ECF No. 154-1 at 6–8. Further, under the second factor, Fresh Harvest argues that the Order pertains to an issue of first impression—"whether settlement agreements with H-2A workers who are putative class members in pending class litigation qualify as '[a]greements in settlement of private litigation' under 29 C.F.R. § 501.5(b)." *See* Reply, ECF No. 157 at 3–4; Motion, ECF No. 154-1 at 8. In response, Plaintiffs argue under the second factor that while the Order pertains to a novel issue, there is no substantial ground for difference of opinion. *See* Opposition, ECF No. 155 at 8–9. Further, under the first and third factors, Plaintiffs argue that (a) the Court relied on additional grounds in dismissing Fresh Harvest's counterclaim; (b) Fresh Harvest still has a defense at issue regarding the Luevano-Vaca settlement agreement; and (c) Plaintiffs have additional grounds for challenging the settlement agreement. *See id.* at 9–10.

The Court agrees with Fresh Harvest. Regarding the second factor, the parties agree that the Order pertains to an issue of first impression. *See* Reply, ECF No. 157 at 3–4; Opposition, ECF No. 155 at 8–9. The Court also agrees. The Order appears to be the first time a court has addressed the question of whether a settlement agreement between an employer defendant to a class action and a putative class member H-2A worker is "in settlement of private litigation" for purposes of

1   29 C.F.R. § 501.5(b). While the Court found that such a settlement agreement was not "in

2   settlement of private litigation," the Court acknowledges that this is a close question with no direct

3   precedent. Accordingly, the Court finds that the second factor weighs in favor of § 1292(b)

4   certification. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

5         For the first and third factors, the Court again agrees with Fresh Harvest. While Plaintiffs

6   point out some additional potential issues with the settlement agreement based on the Order, Fresh

7   Harvest's defenses, and dispositive motions, the Court finds that none of these issues are sufficient

8   to overcome Fresh Harvest's showing that "resolution of the issue on appeal *could* materially affect

9   the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026

10  (9th Cir. 1981) (emphasis added and citations omitted). An appeal of the Order could very well lead

11  to the dismissal of Luevano-Vaca from the case entirely, even if some additional questions might

12  need resolution first. *Reese*, 643 F.3d at 688; *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th

13  Cir. 1996).

14        Accordingly, the Court GRANTS Fresh Harvest's motion for certification of the Order for

15  interlocutory review under 28 U.S.C. § 1292(b).

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**III. ORDER**

For the reasons set forth above, Fresh Harvest's motion for a Rule 54(b) judgment is hereby DENIED. Further, Fresh Harvest's motion for certification for interlocutory appeal of the Court's Order Granting Plaintiff Gustavo Luevano-Vaca's Motion to Dismiss Defendants Fresh Harvest, Inc. and SMD Logistics, Inc.'s Counterclaim with Prejudice is hereby GRANTED. The Court certifies the following issue of controlling law as to which there are substantial grounds for difference of opinion, the immediate appeal of which will materially advance the ultimate termination of the litigation, thus satisfying the statutory requirements of 28 U.S.C. § 1292(b):

1. Whether an agreement between a class action defendant employer and an H-2A worker putative class member releasing all claims against the employer based on past conduct is permitted under 29 C.F.R. § 501.5(b) as "in settlement of private litigation."

Dated: January 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge