UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FRESH HARVEST, INC.,, et al.,<br><br>　　　　Defendants. | Case No.  20-cv-07974-BLF<br><br>**ORDER GRANTING SEALING MOTIONS**<br><br>[Re:  ECF Nos. 180, 188] |

Before the Court is (1) Plaintiffs Rigoberto Sarmiento and Gustavo Luevano-Vaca's (collectively, "Plaintiffs") administrative motion to file under seal portions of and exhibits to their motion for protective order (ECF No. 180) and (2) Defendants Fresh Harvest, Inc. and SMD Logistics, Inc.'s (collectively, "Fresh Harvest") administrative motion to file under seal portions of and exhibits to Fresh Harvest's opposition to Plaintiffs' motion for protective order (ECF No. 188). Plaintiffs' motion for protective order alleges that Fresh Harvest sent a commander (the "Commander") of a militia group in Mexico (the "Militia Group") to Mr. Luevano-Vaca's house in order to coerce Mr. Luevano-Vaca into settling his claims in the above-captioned action. *See* Motion for Protective Order, ECF No. 178.  Fresh Harvest's counsel asserts that a public court filing claiming that Fresh Harvest is affiliated with the Commander or the Militia Group "could put our client's lives in very real danger." *See* June 28, 2022 Mussig Email, ECF No. 180-4 at 2. Accordingly, the parties move to seal all references to the Commander or the Militia Group in their filings related to Plaintiffs' motion for protective order.  *See* ECF Nos. 180, 188.

Based on the below reasoning, the Court GRANTS the parties' sealing motions.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and

1   documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

## II.   DISCUSSION

The parties' sealing motions pertain to filings related to Plaintiffs' motion for protective order. Since Plaintiffs' motion is only tangentially related to the merits of their claims, the filings at issue may be sealed upon a showing of "good cause." *See Ctr. for Auto Safety*, 809 F.3d at 1097.

Fresh Harvest seeks to have information about the Militia Group and Commander filed under seal because Fresh Harvest's counsel contends that a public court filing associating Fresh Harvest with the Militia Group or Commander "could put our client's lives in very real danger." *See* ECF 178-3. Plaintiffs do not oppose Fresh Harvest's request. The Court finds that Fresh Harvest has met the "good cause" standard for sealing the information at issue. Concerns about a party's safety if information is disclosed are sufficient to meet the "good cause" standard. The Court rules as follows on the documents Fresh Harvest seeks to have sealed:

/ / /

/ / /

/ / /

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 178 | Plaintiffs' Notice of Motion and Motion for Protective Order to (1) Prohibit Fresh Harvest Defendants from Contacting Plaintiffs; (2) Prohibit Fresh Harvest Defendants from Obtaining Releases from Putative Class Members; and (3) Limit Fresh Harvest Defendants' Contact with Putative Class Members | Highlighted portions at:<br>• 1:7<br>• 1:11<br>• 4:21–28 | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |
| 178-1 | Declaration of Gustavo Luevano-Vaca in Support of Plaintiffs' Motion for Protective Order, and Exhibit | Highlighted portions at:<br>• ¶ 3<br>• ¶¶ 5–8<br>• ¶ 10<br>• ¶ 12 | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |
| 178-2 | Declaration of Sharay Lopez Zazueta in Support of Plaintiffs' Motion for Protective Order, and Exhibit | Highlighted portions at:<br>• ¶ 2<br>• ¶ 3<br>• ¶ 5<br>• Exhibit | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |
| 178-8 | Exhibit E to the Declaration of Dawson Morton in Support of Plaintiffs' Motion for Protective Order | Highlighted portions | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |
| 187 | Defendants' Opposition to Plaintiffs' Motion for Protective Order | Highlighted portions at:<br>• 4:4–12<br>• 7:24–8:6<br>• 8:14–24<br>• 9:13–20<br>• 10:6–14 | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |
| 187-1 | Appendix of Declarations in Support of Defendants' Opposition to Plaintiffs' Motion for Protective Order | The following highlighted portions:<br>• Declaration of Eduardo Baltazar ¶ 10<br>• Declaration of Miguel Pineda Bernal ¶ 10<br>• Declaration of Robert Mussig ¶¶ 2–4; Exs. A–D | GRANTED, as containing information that may put Fresh Harvest in danger if disclosed publicly. |

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' sealing motions are GRANTED.

Dated:  August 11, 2022

_____
BETH LABSON FREEMAN
United States District Judge