Dawson Morton (SBN 320811)
Santos Gomez (SBN 172741)
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: (831) 228-1560
Fax: (831) 228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Connie K. Chan (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Ph: (415) 421-7151
Fax: (415) 362-8064
jfinberg@altshulerberzon.com
ecervantez@altshulerberzon.com
cchan@altshulerberzon.com

*Attorneys for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, GUSTAVO LUEVANO-VACA, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FRESH FOODS, INC., RAVA RANCHES, INC., and SMD LOGISTICS, INC.<br><br>Defendants. | Case No.: 5:20-cv-7974-BLF<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS AND SERVICE PAYMENTS; BRIEF IN SUPPORT<br><br>Date: October 26, 2023<br>Time: 9:00 a.m.<br>Ctrm: Courtroom 3, U.S. District Court, 280 South First St, Fifth Floor, San Jose, Ca. |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that at 9:00 a.m. on October 26, 2023 at the United States District Court for the Northern District of California, in Courtroom 3 on the 5th Floor of the San Jose Federal Courthouse, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Plaintiffs Rigoberto Sarmiento and Gustavo Luevano-Vaca ("Plaintiffs") will, and hereby do, move this Court pursuant to Federal Rule of Civil Procedure 23(h)(1) and 54(d)(2) for an Order awarding to Class Counsel: (1) $497,017.20 for attorneys' fees, which represents less than 24.5% of the Gross Settlement Amount and 30% of the Base Settlement Amount; (2) reimbursement of $54,420.47 in litigation expenses (plus additional costs of approximately $5,000 or less for translation fees to be submitted before the hearing on Final Settlement Approval); and (3) payment of $15,000 each as service payments for the named class representatives, or $30,000 in the aggregate.

The Motion is based on this Notice of Motion, the incorporated points and authorities, the Declarations of Dawson Morton ("Morton Decl.") and Eve H. Cervantez ("Cervantez Decl."), and the exhibits attached thereto submitted herewith, the record in this action, the arguments of counsel, and any other matters the Court may consider.

DATED: June 27, 2023                By:        */s/* Dawson Morton
                                               DAWSON MORTON
                                               SANTOS GOMEZ
                                               LAW OFFICES OF SANTOS GOMEZ
                                               1003 Freedom Boulevard
                                               Watsonville, CA 95076
                                               Ph: 831-228-1560
                                               Fax: 831-228-1542
                                               dawson@lawofficesofsantosgomez.com
                                               santos@lawofficesofsantosgomez.com

                                               Attorneys for Plaintiffs and the Class

DATED: June 27, 2023                By:        */s/* Eve Cervantez
                                               EVE H. CERVANTEZ
                                               JAMES M. FINBERG
                                               CONNIE K. CHAN
                                               ALTSHULER BERZON LLP
                                               177 Post Street, Suite 300
                                               San Francisco, CA 94108
                                               Ph: (415) 421-7151
                                               Fax: (415) 362-8064

ecervantez@altshulerberzon.com
jfinberg@altshulerberzon.com
cchan@altshulerberzon.com

Attorneys for Plaintiffs and the Class

# TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................................1
II. SUMMARY OF APPLICABLE SETTLEMENT TERMS .................................................1
III. PLAINTIFFS AND THEIR COUNSEL ACHIEVED SIGNIFICANT LITIGATION SUCCESS .............................................................................................................................2
IV. THE COURT SHOULD APPROVE PLAINTIFFS' ATTORNEYS' FEES AND COSTS ..................................................................................................................3
    A.    FEES ARE APPROPRIATE UNDER BOTH THE LODESTAR AND PERCENTAGE OF THE FUNDS METHOD ......................................................3
        1.    FEES LESS THAN 24.5% OF THE BASE SETTLEMENT AMOUNT ARE APPROPRIATE .............................................3
        2.    PLAINTIFFS' FEES ARE ALSO APPROPRIATE UNDER A LODESTAR ANALYSIS ...........................................................................4
            a.    THE HOURS SPENT WERE REASONABLY NECESSARY .................................................................................5
            b.    PLAINTIFFS' COUNSEL'S RATES ARE REASONABLE FOR EXPERIENCED WAGE AND HOUR CLASS ACTION ATTORNEYS .................................................................................5
    B.    PLAINTIFFS' COSTS ARE REASONABLE ......................................................7
V. SERVICE AWARDS ARE JUSTIFIED BY PLAINTIFFS' SIGNIFICANT PARTICIPATION AND THE CONDUCT AND REPUTATIONAL RISK PLAINTIFFS FACED .............................................................................................................................7
VI. CONCLUSION .................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bakhtiar v. Info. Res., Inc.*,
    2021 WL 4472606 (N.D. Cal. Feb. 10, 2021) ...........................................................................9

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015)..........................................................................................3, 4

*Black v. T-Mobile USA, Inc.*,
    2019 U.S. Dist. LEXIS 123676 (N.D. Cal. July 24, 2019).....................................................4, 9

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ....................................................................................................3

*Bower v. Cycle Gear, Inc.*,
    2016 U.S. Dist. LEXIS 112455 (N.D. Cal. Aug. 23, 2016).......................................................4

*Camacho v. Bridgeport Financial, Inc.*,
    523 F.3d 973 (9th Cir. 2008) ....................................................................................................6

*Castaneda v. Burger King Corp.*,
    2010 U.S. Dist. LEXIS 78299 (N.D. Cal. July 12, 2010).........................................................5

*Chess v. Volkswagen Grp. Of Am., Inc.*,
    2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sept. 20, 2022) .....................................................6

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,
    307 F.3d 997 (9th Cir. 2002) ....................................................................................................4

*Gomez-Gasca v. Future Ag Mgmt.*,
    2020 U.S. Dist. LEXIS 195663 (N.D. Cal. Oct. 20, 2020).....................................................6, 9

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
    100 F.3d 691 (9th Cir. 1996) ....................................................................................................6

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ........................................................................................................7

*McDonald v. CP OpCo, LLC*,
    2019 U.S. Dist. LEXIS 80501 (N.D. Cal. May 13, 2019) ...........................................3, 4, 7, 9

*Miguel-Sanchez v. Mesa Packing, LLC*,
    2021 U.S. Dist. LEXIS 202330 (N.D. Cal. Oct. 20, 2021).......................................................6

*Ontiveros v. Zamora*,
    303 F.R.D. 356 (E.D. Cal. 2014) ..........................................................................................5, 7

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...........................................................................................7

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
  944 F.3d 1035 (9th Cir. 2019) .........................................................................................7

*Schuchardt v. Law Office of Rory W. Clark*,
  314 F.R.D. 673 (N.D. Cal. April 28, 2016) .....................................................................5

*Sillah v. Command Int'l Sec. Servs.*,
  2016 WL 692830 (N.D. Cal. Feb. 22, 2016) ...................................................................5

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
  904 F.2d 1301 (9th Cir. 1990) .........................................................................................3

*Stetson v. Grissom*,
  821 F.3d 1157 (9th Cir. 2016) .........................................................................................4

*Taylor v. Shutterfly*,
  2021 U.S. Dist. LEXIS 237069 (N.D. Cal. Dec. 7, 2021) ...............................................5

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
  896 F.2d 403 (9th Cir. 1990) ...........................................................................................6

*Walsh v. CorePower Yoga LLC*,
  2017 U.S. Dist. LEXIS 163991 (N.D. Cal. Oct. 3, 2017) ................................................9

*Watson v. Tennant Co.*,
  2020 WL 1325014 (E.D. Cal. Mar. 20, 2020) .................................................................9

*Zubia v. Shamrock Foods Co.*,
  2017 U.S. Dist. LEXIS 223446 (C.D. Cal. Dec. 21, 2017) .............................................4

**State Statutes**

Cal. Lab. Code § 98.6(b)(3) ........................................................................................................9

**Other Authorities**

F. R. C. P. 23(h) .........................................................................................................................3

## I. INTRODUCTION

In this class action settlement for a Base Settlement Amount of $2,031,000 (encompassing a Gross Settlement Amount of $1,656,724 in new funds and prior out of court payments made during the litigation of $374,276), Plaintiffs seek approval of $497,017.20 in attorneys' fees and reimbursement of out-of-pocket expenses in the amount of $54,495.47 (plus additional costs of approximately $5,000 or less for translation fees to be submitted before the hearing on Final Settlement Approval). Plaintiffs also seek approval for service payments in the amount of $15,000 each to the two named Plaintiffs.

Pursuant to the Settlement Agreement, Plaintiffs seek a fee award of 30% of the new payment amount (less than 24.5% of the Base Settlement Amount).  Settlement Agreement, ECF 219-2 at 14.  This is in line with existing Ninth Circuit standards and is reasonable considering the results obtained for the class and the extensive work performed by Plaintiffs' counsel. *See generally* Cervantez Decl. Through settlement, Plaintiffs achieved an average gross recovery of $10,469 per class member (Morton Decl. ¶15), obtained wages for truck drivers that Defendants previously claimed were "baseless," (ECF 28-1 at 2) and also protected class members from facing efforts by Defendants to reclaim any prior out-of-court payments.  ECF 219 [Preliminary Approval Motion] at 14. Pursuant to the Settlement, Defendant will pay $1,656,724 in new funds and will not be able to reclaim $374,276 already paid by Defendants to class members. ECF 219 at 13; ECF 219-1 at ¶13. This amount represents approximately 25% of Defendants' liability and a 34% gross recovery. ECF 219-1 at ¶15.  And each of the 194 Class Members will receive an average award of $7,307.73, including prior out-of-court payments, and an average cash payment of $5,378.47.  Morton Decl. ¶ 15.

## II. SUMMARY OF APPLICABLE SETTLEMENT TERMS

The full terms of the settlement are described in Plaintiffs' Motion for Preliminary Approval, ECF 219 at 25-27, as set forth in the Settlement Agreement, ECF 219-2. The material terms of the Settlement with respect to fees and costs are:

- An application by Plaintiffs for an award of attorney's fees of up to $497,017.20 (30% of the new money). ECF 219-2 at 14.

- 1 -

- An Award of Litigation Costs up to $75,000. ECF 219-2 at 14.
- An Award of Service Payments to the named Plaintiffs in the amount of $15,000 each. ECF 219-2 at 15.

### III. PLAINTIFFS AND THEIR COUNSEL ACHIEVED SIGNIFICANT LITIGATION SUCCESS

Plaintiffs overcame Defendants' legal challenges to the complaint which Defendant Fresh Harvest characterized as "baseless," ECF 28-1 at 2, claimed "incontrovertible evidence" showed Defendant would prevail, *id.*, and claimed the suit was a product of a "flawed interpretation of federal law," and would result in "a manifest injustice" if the lawsuit were allowed to proceed, ECF 72-1 at 5. Plaintiffs also overcame Defendants' counterclaim, Defendants' nonparticipation agreements, and Defendants' efforts to silence Plaintiffs and buy off class members. Plaintiffs' counsels' litigation work included the following:

- Defeating early summary judgment motions filed by Defendants Fresh Harvest and SMD Logistics;
- Dismissing a counterclaim filed against named Plaintiff Gustavo Luevano-Vaca, and Defendants' attempt to appeal that dismissal;
- Filing numerous discovery motions resulting in seven orders compelling production of documents;
- Defeating a motion to preclude communications with class members and for sanctions;
- Obtaining a protective order to protect the named Plaintiff residing in Mexico.

Obtaining the successful result here required far more of Class Counsel than in the ordinary wage and hour class action lawsuit: Plaintiffs invalidated the out-of-court settlement agreement Defendant Fresh Harvest obtained from Plaintiff Luevano-Vaca and dismissed Defendants' counterclaim, despite Defendants' claim that there was "no viable argument" to invalidate the settlement. ECF 72-1 at 11. Plaintiffs defeated early summary judgment motions filed by Defendants Fresh Harvest and SMD Logistics, in part by compelling discovery Defendants refused to produce voluntarily. *See, e.g.*, ECF 84. Plaintiffs responded to Defendants' numerous motions

including motions claiming class members had been offered bribes (ECF 88-1) and obtained a protective order after Defendants sent an individual to visit Plaintiff Luevano-Vaca in Mexico and connected the Plaintiff with an attorney for Defendants. ECF 199. *See generally* Cervantez Decl. ¶¶17-20. In addition, the costs were necessarily incurred in this heavily litigated proceeding which involved numerous multilingual documents and multinational activities with witnesses and parties in both the U.S. and Mexico. Similarly, Named Plaintiffs faced risks beyond those normally encountered by wage and hour plaintiffs, and deserve a $15,000 service award.

## IV. THE COURT SHOULD APPROVE PLAINTIFFS' ATTORNEYS' FEES AND COSTS

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, a court may award "reasonable attorney's fees" that are "authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Courts in the Ninth Circuit have discretion to use either the lodestar method or the percentage of the fund method to approve fee requests. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (providing "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method."); *McDonald v. CP OpCo, LLC*, 2019 U.S. Dist. LEXIS 80501, at *17 (N.D. Cal. May 13, 2019) ("The Court has discretion in a common fund case to choose either (1) the lodestar method or (2) the percentage-of-the-fund when calculating reasonable attorneys' fees.")

### A. Fees Are Appropriate Under Both the Lodestar and Percentage of the Funds Method.

#### 1. Fees Less Than 24.5% of the Base Settlement Amount Are Appropriate.

Plaintiffs seek a fee award equal to 30% of the new money Gross Settlement Amount, which is slightly less than 24.5% of the Base Settlement Amount. The proposed fee award is within the 25 percent range that is the "benchmark" for attorneys' fees from class action common settlement funds. *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). "[F]ederal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher[.]" *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260

(N.D. Cal. 2015) (internal quotations omitted). In contingent litigation, "where, as here, class counsel has significant experience in the particular type of litigation at issue; . . . courts have sometimes awarded even more than the 25 percent benchmark percentage of the common fund." *Bellinghausen*, 306 F.R.D. at 261; *see also Black v. T-Mobile USA, Inc*., 2019 U.S. Dist. LEXIS 123676, at *19 (N.D. Cal. July 24, 2019) (awarding "attorneys' fees of 30% of the total settlement amount"); *Bower v. Cycle Gear, Inc*., 2016 U.S. Dist. LEXIS 112455, at *17 (N.D. Cal. Aug. 23, 2016) (awarding fees of 30% of the settlement amount in part because "results obtained for the Class Members were very favorable.") Plaintiffs' fee request is "well within the ordinary range of fees approved by courts in this district." *McDonald*, 2019 U.S. Dist. LEXIS 80501, at *20.

Additionally, Plaintiffs' counsel overcame significant hurdles in reaching the recovery, including Defendants' efforts to keep class members and even a named Plaintiff from participating in the litigation. And, Plaintiffs' counsel undertook risk to obtain the results here as Defendants vigorously contested, at every turn, that higher wages were owed to truck drivers at all.

### 2. Plaintiffs' Fees Are Also Appropriate Under a Lodestar Analysis.

Where a lodestar method is chosen, the Court applies "the prevailing rate as of the date of the fee request." *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). And, "the court multiplies a reasonable number of hours by a reasonable hourly rate." *Fischel v. Equitable Life Assur. Soc'y of U.S*., 307 F.3d 997, 1006-07 (9th Cir. 2002). "[T]he lodestar 'cross-check' need not be as exhaustive as a pure lodestar calculation" because it only "serves as a point of comparison by which to assess the reasonableness of a percentage award." *Zubia v. Shamrock Foods Co.*, 2017 U.S. Dist. LEXIS 223446, at *16 (C.D. Cal. Dec. 21, 2017) (citation omitted). Here, Plaintiffs' fee requests are appropriate under either method.

As detailed below, under a lodestar calculation, Plaintiffs' counsel's fees easily exceed $2.2 million. The fees include over $590,000 for the Law Offices of Santos Gomez, and over $1.7 million for Altshuler Berzon. Morton Decl. ¶12; Cervantez Decl. ¶24. Plaintiffs' fee award sought here of $497,017 represents a negative .21 multiplier of the $ 2.2 million lodestar amount. Morton Decl. ¶12. Plaintiffs' counsel will continue to work on this case, including additional communications with class members, supervision of the Settlement Administrator, and preparation

of final approval papers, such that the negative multiplier will only increase.

Courts commonly approve multipliers of 1.5 or 2. *See, e.g., Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (approving of fees with "a multiplier of approximately 1.54" which was 25% of the common fund); *Castaneda v. Burger King Corp.*, 2010 U.S. Dist. LEXIS 78299, at *9-10 (N.D. Cal. July 12, 2010) (approving fees with "a multiplier of just under two" where "the settlement also provides for injunctive relief"). Here, Plaintiffs seek far less. "The fact that Plaintiffs' counsel are seeking substantially less in fees than they reasonably incurred further demonstrates the reasonableness of the fee request." *Taylor v. Shutterfly,* 2021 U.S. Dist. LEXIS 237069 (N.D. Cal. Dec. 7, 2021) (collecting cases); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690-91 (N.D. Cal. April 28, 2016) (fractional lodestar multiplier is indication of reasonableness of fee request).

### a. The Hours Spent Were Reasonably Necessary.

Plaintiffs' attorneys expended 2880 hours to date. Morton Decl. ¶¶8-9 (730 hours to date); Cervantez Decl. ¶24-25 (over 2150 hours to date). These hours were all reasonably necessary to respond to the way in which Defendants litigated the case. Plaintiffs' counsel successfully opposed Defendants' two early summary judgment motions and motion to preclude communications with class members and for sanctions, dismissed a counterclaim, obtained a protective order, and filed numerous motions to compel discovery and/or oppose motions to quash discovery resulting in seven orders for further discovery from Defendants and third parties. Cervantez Decl. ¶20. Plaintiffs' counsel also analyzed Defendants' payroll records and worked with an expert to prepare calculations which would lead to the ultimate resolution of this suit. And, Plaintiffs' counsel obtained these results despite Defendants' obtaining out-of-court releases from numerous members of the class. *See, e.g.,* ECF 144-4, 144-12, 144-18.

### b. Plaintiffs' Counsel's Rates Are Reasonable For Experienced Wage and Hour Class Action Attorneys.

"A party seeking attorney's fees bears the burden of demonstrating that the requested rates are 'in line with the prevailing market rate of the relevant community.'" *Sillah v. Command Int'l Sec. Servs.*, 2016 WL 692830, at *2 (N.D. Cal. Feb. 22, 2016) (quoting *Carson v. Billings Police*

*Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). "Generally, . . . the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

The declarations submitted herewith detail the billing rates of Plaintiffs' counsel that were used to calculate their respective lodestars. Cervantez Decl. ¶¶17-27; Morton Decl. ¶8-9. Such "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases. . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996).

Attorneys Dawson Morton and Santos Gomez are bilingual and have over twenty years of experience representing migrant and seasonal farm laborers.  Morton Decl. ¶¶ 3-7. Their specialized experience representing foreign agricultural workers helped guide the successful results obtained here.  Altshuler Berzon attorneys, particularly lead partner Eve Cervantez, also have decades of experience litigating complex wage and hour class actions, and are frequently recognized for their excellence in this work.  Cervantez Decl. ¶¶4-9.  Class Counsel's fees have previously been approved in this district as "reasonable and commensurate with those charged by attorneys with similar experience in the market[.]" *Gomez-Gasca v. Future Ag Mgmt.*, 2020 U.S. Dist. LEXIS 195663, at *16 (N.D. Cal. Oct. 20, 2020) (finding Mr. Morton and Gomez showed "skill and diligence"); *Miguel-Sanchez v. Mesa Packing, LLC*, 2021 U.S. Dist. LEXIS 202330, at *30 (N.D. Cal. Oct. 20, 2021) (concluding that Mr. Morton and Mr. Gomez's requested rates in 2021 were "reasonable"); Morton Decl. ¶11, Cervantez Decl. ¶31 (collecting cases approving Altshuler Berzon rates). These rates are appropriate in the San Francisco Bay Area legal community and are well supported by case law from the Northern District. *See, e.g.*, *Chess v. Volkswagen Grp. Of Am., Inc.*, 2022 U.S. Dist. LEXIS 164145, at *27-28 (N.D. Cal. Sept. 20, 2022) (approving 2022 rates "rang[ing] from $1,100 for partners with over 30 years of experience to $550-800 for associates with multiple years of experience," and citing *Carlotti v. ASUS Computer Int'l*, 2020 U.S. Dist. LEXIS 108917, at *15 (N.D. Cal. June 22, 2020) (approving hourly rates of $950 to $1,025 for partners, $450 to $900 for other attorneys, and $225 to $275 for legal assistants)). Whether the

- 6 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; No.: 5:20-cv-7974-BLF

1  Court applies a percentage of the fund or lodestar approach, Plaintiffs' fee request of $497,017 is
2  appropriate and reasonable.

### B. Plaintiffs' Costs Are Reasonable.

Class counsel are entitled to reimbursement of "out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (internal citation omitted). The class settlement specifies that Plaintiffs may request reimbursement of costs in an amount up to $75,000. ECF 219-2 at 14.

Here, Plaintiffs have incurred $54,495.47 in litigation costs to date.  Morton Decl. ¶14; Cervantez Decl. ¶¶33-34. These costs are filing and service costs, copying and mailing costs, transcript costs, travel expenses, legal research costs, expert damages calculations, mediation expenses, and translation expenses.  Morton Decl. ¶13 & Ex. 3; Cervantez Decl. ¶33 & Ex. C. These costs are of the type commonly awarded. *McDonald*, 2019 U.S. Dist. LEXIS 80501, at *21 (approving "costs include filing fees, copying costs, postage, legal research, couriers, service of process, and other costs that would normally be charged to a paying client"). Plaintiffs anticipate incurring some additional translation expenses for their final approval motion and will update their litigation costs prior to the final approval hearing. Plaintiffs do not expect their litigation costs to exceed $60,000, or $15,000 less than the maximum amount permitted by the Settlement.

## V. SERVICE AWARDS ARE JUSTIFIED BY PLAINTIFFS' SIGNIFICANT PARTICIPATION AND THE CONDUCT AND REPUTATIONAL RISK PLAINTIFFS FACED

Plaintiffs seek an enhancement award of $15,000 each for the two named Plaintiffs.  This is a reasonable incentive award and amounts to approximately one and a half times the average gross class recovery and approximately three times the average cash class recovery. ECF 219-1 at ¶16. These awards are intended "to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action[.]" *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944

F.3d 1035, 1057 (9th Cir. 2019).

The Plaintiffs spent substantial time, in excess of 60 and 70 hours each, assisting with the litigation of the case. Sarmiento Decl. ¶7 (more than 60 hours); Luevano-Vaca Decl. ¶7 (more than 70 hours). Plaintiff Sarmiento flew to Los Angeles during a global pandemic to attend a deposition in the office of Defendant Fresh Harvest's counsels' office after Defendants refused to take a video deposition or set the deposition closer to Plaintiff's work. Sarmiento Decl. ¶¶4-5. Both Plaintiffs fielded calls from co-workers about the litigation and about Defendants' efforts to obtain releases from class members, and worked with counsel to provide declarations in support of or opposition to various motions. Sarmiento Decl. ¶¶3-4, 6-7; Luevano-Vaca Decl. ¶¶3-7.

Plaintiffs were both subjected to extraordinary risks, beyond those normally encountered in wage and hour class actions. Defendants filed a counterclaim against Plaintiff Luevano-Vaca, and attempted to appeal this Court's dismissal of the counterclaim to the Ninth Circuit. Both Plaintiffs also experienced personal visits from Defendants' representatives. Plaintiff Luevano-Vaca experienced multiple visits to his home, first from Defendants' employees and then from an individual Defendants appear to have contracted. Defendant Luevano-Vaca was also put in direct telephone contact with an attorney for the Fresh Harvest defendants. Luevano-Vaca Decl. ¶¶ 2, 9. Plaintiff Sarmiento was visited, in person, by a human resources person from Defendant Fresh Foods and received a call from Defendant Fresh Harvest's human resources staff. Sarmiento Decl. ¶5. And, it was clearly communicated to Plaintiff Luevano-Vaca and Plaintiff Sarmiento that continuing the litigation came at the expense of continued employment. Sarmiento Decl. ¶8; Luevano-Vaca Decl. ¶2.

The $15,000 incentive award is not disproportionate to Plaintiffs' individual recoveries, nor to the total class settlement amount, and represents just over one and a half times the average gross class recovery of $10,469, Morton Decl. ¶15, and compensates for significant time and reputational and financial risks, Sarmiento Decl. ¶¶4, 7-8; Luevano-Vaca Decl. ¶¶2-4, 6-9. The amount of incentive payment sought by Plaintiffs in this case is higher than the typical $10,000 award because of (1) the counterclaim Defendants brought against Plaintiff Luevano-Vaca purportedly for violating the illegal pre-litem contracts Defendants sought to enforce on Plaintiffs and the Class, (2)

the retaliatory conduct directed at Plaintiffs including individual out-of-court visits by Defendants or their agents, (3) loss of continued employment opportunities, and (4) an in-person deposition with Defendants during a pandemic. The reputational risk has included visits at their homes, being the subject of a counterclaim, and fears that rumors will be spread about the Plaintiffs to impede their future employment.  Luevano-Vaca Decl. ¶8 ("blaming us for suing them"); Sarmiento Decl. ¶9 ("came to my house").

Here, the gross recovery per class member is approximately $10,469 and the net recovery is in excess of $7,300. Morton Decl. ¶15.  Plaintiffs seek a service payment that is one and a half times the average class recovery or just over two times the average net class member recovery of $7,300, which is in line with other court decisions. *Watson v. Tennant Co.*, 2020 WL 1325014, at *6 (E.D. Cal. Mar. 20, 2020) (approving "class representative payment of $25,000.00" where settlement class had an average payment of over $8,000); *Walsh v. CorePower Yoga LLC*, 2017 U.S. Dist. LEXIS 163991, at *40 (N.D. Cal. Oct. 3, 2017) (approving "a $10,000 service award for Plaintiff" in employment litigation); *Black.,* 2019 U.S. Dist. LEXIS 123676, at *21  (approving "a $10,000 service award" which was "approximately 3.2 times" average recovery); *McDonald*, 2019 U.S. Dist. LEXIS 80501, at *23-24 (rejecting a service award of "7.5 times the recovery of an average class member" and awarding one of $10,000 or 5 times the average class recovery); *Gomez-Gasca*, 2020 U.S. Dist. LEXIS 195663, at *18-19 (approving $10,000 service award or 4 times the average class recovery). Additionally, here, Plaintiffs could have made retaliation claims that would have provided them $10,000 in liquidated damages under California law. Cal. Lab. Code § 98.6(b)(3) ("a civil penalty not exceeding ten thousand dollars  . . . to be awarded to the employee" for an employer's retaliatory acts). Here, the service award is appropriate given the risks Plaintiffs confronted, their experiences as named Plaintiffs including personal visits, an in-person deposition involving significant travel during a global pandemic, and defeating a counterclaim and summary judgment, and the significant results obtained for class members. *Bakhtiar v. Info. Res., Inc.*, 2021 WL 4472606, at *10 (N.D. Cal. Feb. 10, 2021) (approving $15,000 service award where plaintiff "ha[d] shown that her efforts and contributions to this litigation, and the risks she undertook as a result thereof, were greater than those of the average lead plaintiff.")

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' request for $497,017.20 in attorneys' fees and $54,495.47 in litigation expenses, and service awards of $15,000 to each Named Plaintiff, should be approved.

DATED: June 27, 2023      By:     */s/* Dawson Morton
DAWSON MORTON
SANTOS GOMEZ
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

Attorneys for Plaintiffs and the Class

DATED: June 27, 2023      By:     */s/* Eve Cervantez
EVE H. CERVANTEZ
JAMES M. FINBERG
CONNIE K. CHAN
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Ph: (415) 421-7151
Fax: (415) 362-8064
ecervantez@altshulerberzon.com
jfinberg@altshulerberzon.com
cchan@altshulerberzon.com

Attorneys for Plaintiffs and the Class