Dawson Morton (SBN 320811)
Santos Gomez (SBN 172741)
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: (831) 228-1560
Fax: (831) 228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Connie K. Chan (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Ph: (415) 421-7151
Fax: (415) 362-8064
jfinberg@altshulerberzon.com
ecervantez@altshulerberzon.com
cchan@altshulerberzon.com

ATTORNEYS FOR PLAINTIFFS AND THE SETTLEMENT CLASS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIGOBERTO SARMIENTO, GUSTAVO LUEVANO-VACA, and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FRESH HARVEST, INC., et al. <br><br> Defendants. | CIVIL ACT. NO.: 5:20-cv-7974-BLF <br><br> [PROPOSED] ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT <br><br> **AS MODIFIED BY THE COURT** <br><br> Date: October 30, 2023 <br> Time:   11:00 A.M. |

The motion of Plaintiffs for an order granting final approval of the Settlement of Class Action and PAGA Claims(the "Settlement") reached with Fresh Harvest, Inc., SMD Logistics, Inc. ("Fresh Harvest Defendants") and Fresh Foods, Inc., Rava Ranches, Inc. ("Fresh Foods Defendants") came regularly on for hearing. Good cause having been shown, Plaintiffs' motion is **GRANTED** and **IT IS HEREBY ORDERED**:

1.  Pursuant to the Preliminary Approval Order and the terms of the Settlement (ECF No 232-3, **Exhibit A**), the class Notice (ECF No 232-3, **Exhibit B**) was mailed to Class Members via first class mail in Spanish. Class Members were also sent notice by WhatsApp text message (in Spanish) at their last available contacts provided, and a website was created and has remained continuously available. The website can be viewed in Spanish and English and includes, among other things, viewable, printable and downloadable copies of the Notice in Spanish and English as well as settlement documents filed with the Court, Plaintiffs' attorneys' fee motion, answers to frequently asked questions about the settlement, key settlement dates, and options on how to contact the Settlement Administrator (Atticus Administration LLC) and Class Counsel. The Court finds and determines that this notice procedure afforded the best practicable notice to class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2.  The Class as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23 and the class is appropriate for final certification for settlement purposes. The Court certifies for settlement purposes, for treatment as a class action under Rule 23 of the Federal Rules of Civil Procedure, the Settlement Class of 194 persons that worked for Defendants as hourly commercial drivers, excluding bus drivers, who operated over-the-road highway vehicles in excess of 26,000 pounds gross vehicle weight in California or Arizona at any time during the period of November 12, 2016 to December 10, 2022 and who have not excluded themselves from the settlement.

3.  Considering the strength of the case and the risks of further litigation, the Court

views the Base Settlement Amount of $2,031,000 (including the Gross Settlement Amount of $1,656,724.00 plus the prior out-of-court payments of $374,276), as a result favorable for the class.

4.   There have been no exclusions or objections to the Settlement. Settlement class members are now barred from prosecuting the released claims for the time period of their employment with Defendants in the class period as set forth in the Settlement agreement.

5.   Class members are achieving an average net recovery of over $5,300 each, which is significant for the truck drivers in the case, and – according to Plaintiffs' counsel's estimations – amounts to an additional $68 of pay per week worked.

6.   The Settlement was negotiated at arm's length, after contested motions, multiple court decisions, significant discovery, and after an in-person mediation and additional protracted negotiations thereafter.

7.   Experienced Class Counsel, attorneys from Law Offices of Santos Gomez and attorneys from Altshuler Berzon, have worked ably and actively to vindicate the class members' interests.

9.   The Court finds reasonable the enhancement awards requested for Plaintiffs Rigoberto Sarmiento and Gustavo Luevano-Vaca in the amount of $15,000 each. Plaintiffs faced unique and serious risks in filing this suit, were the subject of personal visits from Defendants' representatives, Plaintiff Luevano-Vaca faced a counterclaim, they both risked notoriety, and they dedicated substantial efforts to benefiting the class, reaching a result with substantial benefits for class members.

10.   Plaintiffs' request for $497,016 in attorneys' fees and Plaintiffs' costs in the amended amount of $56,987.92 are reasonable. The Court has reviewed Class Counsel's declaration and exhibits and finds the amounts are well-supported, the hours and rates are reasonable, and the fee amount is well below counsel's reasonable lodestar in this matter.

11. The amount of $18,783.00 requested to be paid to the Settlement Administrator is reasonable and fairly supported.

12. Defendants shall pay the Gross Settlement Amount plus the $10,000 towards settlement administration costs as set forth in the Settlement within 14 days after the Effective Date. ECF 219-2 at 24.

13. The Settlement Administrator shall distribute Plaintiffs' Counsel's fees and costs, Plaintiffs' service awards, the Settlement Administrator's fees and expenses, the payments to the Settlement Class Members, and the payments to the PAGA Members within 14 days of receipt of the Gross Settlement Amount from Defendants, as set forth in the Settlement.

14. The Settlement Administrator shall pay the California Labor and Workforce Development Administration $7,500 as set forth in the Settlement. After 180 days have passed from the commencement of class member payments, the Settlement Administrator is to pay the $7,500, from any unclaimed funds, prior to redistribution of such funds. If the amount of unclaimed funds is less than $7,500, the Settlement Administrator shall notify Defendant Fresh Harvest, Inc., of the difference between $7,500 and the amount of unclaimed funds, and Fresh Harvest, Inc., shall, within 14 days, transmit that amount to the Settlement Administrator, who shall then, within seven days, transmit $7,500 to the LWDA.

15. Within 30 days of the expiration of the original 180 day payment period, the Settlement Administrator shall determine whether it is economically feasible to effect a Second Distribution to Settlement Class Members who have claimed or cashed their first Settlement Payment, and, if so, to make a Second Distribution within 30 days, dividing the remaining money proportionally among those Settlement Class Members who received payments in proportion to their prior Individual Settlement Allocation. If it is not economically feasible to distribute any remaining unclaimed funds, or if there are unclaimed funds remaining after the Second Distribution, the Court approves the cy pres recipient, the Food Bank for Monterey County, to receive any remaining settlement funds that cannot be economically redistributed to class members.

The Court therefore **ORDERS** that the Settlement is **APPROVED** and the foregoing amounts shall be paid from the settlement fund.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

This document shall constitute a FINAL JUDGMENT for purposes of Rule 58, Federal Rules of Civil Procedure. The Court directs the Clerk to enter the parties' Settlement of Class Action and PAGA Claims as a final order of this Court for which the Court retains jurisdiction to enforce the judgment and settlement agreement.

Dated: October 30, 2023

_____
BETH LABSON FREEMAN
United States District Judge